[No. A117896. First Dist., Div. Three. Feb. 20, 2008.]

In re USEF S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
USEF S., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the Discussion, part II.

## COUNSEL

Eileen Manning-Villar, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Martin S. Kaye and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HORNER, J.**[*]—This is an appeal from the jurisdictional and dispositional orders entered in a juvenile delinquency matter involving appellant minor Usef S. Appellant contends the juvenile court erred in issuing those orders by failing to first discharge two mandatory statutory duties: (1) to determine his suitability for the deferred entry of judgment program, and (2) to determine whether the offense sustained against him was a felony or misdemeanor. For reasons discussed below, we reject appellant's first contention, but set the dispositional order aside and remand the matter to the juvenile court for the court to determine, in the exercise of its discretion, whether the sustained offense was a felony or misdemeanor, and to sentence accordingly.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 5, 2006, a juvenile wardship petition was filed under Welfare and Institutions Code section 602, subdivision (a) alleging that appellant had committed felony vehicle theft (Veh. Code, § 10851, subd. (a); count 1), felony possession of stolen property (Pen. Code, § 496; count 2), and misdemeanor hit-and-run driving (Veh. Code, § 20002, subd. (a); count 3).[1] On the same day, the prosecutor filed a notice that appellant was eligible for the deferred entry of judgment program.

A contested jurisdictional hearing was held March 12 and 13, 2007. There, Eunice Vandermeer testified that, on May 13, 2006, she discovered her 1999 Dodge Stratus missing from the front of her home. She had not given anyone permission to borrow the vehicle. Vandermeer's vehicle was later returned to her home, but had sustained damage to its front end.

---

[*] Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] Unless otherwise stated, all statutory citations herein are to the Welfare and Institutions Code.

Chris Borek testified that in the late evening of May 13 or the early morning of May 14, 2006, he heard a loud crash outside his home. Borek went outside with his girlfriend, Rachelle Qutob, and saw appellant standing alone next to a Dodge Stratus that had crashed into his house. Borek knew appellant lived next door to his aunt, and considered him a friend. Borek told appellant, "You just hit my house and threw my brother off the couch." Appellant apologized, and agreed that Borek would send appellant's father a bill for the damage. Borek watched as appellant drove away in the vehicle.

Qutob's testimony largely corroborated that of Borek's. Qutob, like Borek, knew appellant as the neighbor of Borek's aunt, and also recognized him from school. In addition, Qutob testified that, soon after appellant drove off in the Dodge Stratus that had collided with Borek's home, Qutob and her mother followed the vehicle in their own vehicle and, in doing so, saw appellant park it a short distance away on Carlton Street. On cross-examination, Qutob acknowledged failing to inform the police that she and her mother had followed appellant, and a defense investigator, Janita Thurman, testified that Qutob also failed to tell her of that fact.

On May 14, 2006, Officer Albert Schmeck, responding to a police call, visited the accident scene and took statements from Borek and Qutob. Officer Schmeck saw the damage to Borek's home. Based on the information provided by Borek and Qutob, Officer Schmeck later found the Dodge Stratus with a damaged front end parked about one mile away on Carlton Street.

At the conclusion of the contested jurisdictional hearing, the juvenile court found true the allegation in count one that appellant had committed vehicle theft pursuant to Vehicle Code, section 10851, subdivision (a), and made no findings on the remaining counts. At a dispositional hearing held May 22, 2007, the juvenile court declared appellant a ward of the court and placed him on probation in the custody of his father. This appeal followed.

## DISCUSSION

Appellant raises two contentions on appeal. First, appellant contends the juvenile court erred by failing to determine whether he was a suitable candidate for the deferred entry of judgment program (DEJ) under section 790

et seq. Second, appellant contends, and the People agree, the juvenile court erred by failing to make an express finding on the record whether the sustained offense for violation of Vehicle Code section 10851 was a felony or a misdemeanor. We address each contention in turn.

### I. *Failure to Rule on Appellant's Suitability for Deferred Entry of Judgment.*

The prosecutor in this case determined appellant was eligible for DEJ, and provided written notice of his eligibility to both appellant and the juvenile court. A hearing on appellant's suitability for DEJ was scheduled for December 20, 2006. Appellant failed to appear at that hearing, apparently having not been personally served with notice of it, and the matter was continued to January 9, 2007. At the January 9 hearing, and at all subsequent hearings in the matter, the record reveals no mention by anyone—not the juvenile court, appellant, his attorney, nor the prosecutor—of the DEJ determination.

Appellant's attorney indicated at the February 5 hearing, however, that appellant was denying the allegations in the section 602 petition, and requested that the juvenile court schedule a contested jurisdictional hearing. As set forth above, a contested jurisdictional hearing was thus held, after which the juvenile court found true the allegation that appellant had committed vehicle theft, adjudged him a ward of the court, and placed him on probation.

According to appellant, the juvenile court's failure to address the DEJ issue at any of the scheduled hearings was error. Appellant reasons that the juvenile court failed to discharge a mandatory statutory duty to exercise its discretion to determine his suitability for DEJ. He thus asks us to set aside the court's jurisdictional and dispositional orders and remand for further proceedings in compliance with the DEJ provisions of the Welfare and Institutions Code.

The People, to the contrary, contend the juvenile court had no mandatory statutory duty to determine appellant's DEJ suitability because appellant declined to admit the allegations against him contained in the section 602 petition. To address the merits of the parties' contentions, we thus must examine the relevant statutory framework.

Our colleagues in the Court of Appeal, Fourth Appellate District, Division One, have provided the following helpful overview of the DEJ:

"The DEJ provisions of section 790 et seq. were enacted as part of Proposition 21, The Gang Violence and Juvenile Crime Prevention Act of 1998, in March 2000. The sections provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)"[2] (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558 [133 Cal.Rptr.2d 544].)

---

[2] Section 790 provides:

"(a) Notwithstanding Section 654 or 654.2, or any other provision of law, this article shall apply whenever a case is before the juvenile court for a determination of whether a minor is a person described in Section 602 because of the commission of a felony offense, if all of the following circumstances apply:

"(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense.

"(2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707.

"(3) The minor has not previously been committed to the custody of the Youth Authority.

"(4) The minor's record does not indicate that probation has ever been revoked without being completed.

"(5) The minor is at least 14 years of age at the time of the hearing.

"(6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code.

"(b) The prosecuting attorney shall review his or her file to determine whether or not paragraphs (1) to (6), inclusive, of subdivision (a) apply. If the minor is found eligible for deferred entry of judgment, the prosecuting attorney shall file a declaration in writing with the court or state for the record the grounds upon which the determination is based, and shall make this information available to the minor and his or her attorney. Upon a finding that the minor is also suitable for deferred entry of judgment and would benefit from education, treatment, and rehabilitation efforts, the court may grant deferred entry of judgment. Under this procedure, the court may set the hearing for deferred entry of judgment at the initial appearance under Section 657. The court shall make findings on the record that a minor is appropriate for deferred entry of judgment pursuant to this article in any case where deferred entry of judgment is granted."

Section 791 provides:

"(a) The prosecuting attorney's written notification to the minor shall also include all of the following:

"(1) A full description of the procedures for deferred entry of judgment.

"(2) A general explanation of the roles and authorities of the probation department, the prosecuting attorney, the program, and the court in that process.

"(3) A clear statement that, in lieu of jurisdictional and disposition hearings, the court may grant a deferred entry of judgment with respect to any offense charged in the petition, provided that the minor admits each allegation contained in the petition and waives time for the pronouncement of judgment, and that upon the successful completion of the terms of probation, as defined in Section 794, the positive recommendation of the probation department,

■ More specifically, section 790, subdivisions (a) and (b) provide that where, as here, a minor is alleged in a section 602 petition to have committed a felony offense, the prosecutor must review the file to determine whether the minor meets the qualifications for DEJ. (§ 790, subds. (a), (b).) The minor is eligible for DEJ if all of the following circumstances apply: "(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense. [¶] (2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707. [¶] (3) The minor has not previously been committed to the custody of the Youth Authority. [¶] (4) The minor's record does not indicate that probation has ever been revoked without being completed. [¶] (5) The minor is at least 14 years of age at the time of the hearing. [¶] (6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code." (§ 790, subd. (a).)

■ Undisputedly, here, the prosecutor determined appellant was eligible for DEJ and, consistent with his further statutory duties under section 790, subdivision (b), provided written notice to appellant and the juvenile court of that fact. Once, however, a determination is made that a minor is eligible for DEJ, there must also be a determination that he is *suitable* for DEJ.

and the motion of the prosecuting attorney, but no sooner [than] 12 months and no later than 36 months from the date of the minor's referral to the program, the court shall dismiss the charge or charges against the minor.

"(4) A clear statement that upon any failure of the minor to comply with the terms of probation, including the rules of any program the minor is directed to attend, or any circumstances specified in Section 793, the prosecuting attorney or the probation department, or the court on its own, may make a motion to the court for entry of judgment and the court shall render a finding that the minor is a ward of the court pursuant to Section 602 for the offenses specified in the original petition and shall schedule a dispositional hearing.

"(5) An explanation of record retention and disposition resulting from participation in the deferred entry of judgment program and the minor's rights relative to answering questions about his or her arrest and deferred entry of judgment following successful completion of the program.

"(6) A statement that if the minor fails to comply with the terms of the program and judgment is entered, the offense may serve as a basis for a finding of unfitness pursuant to subdivision (d) of Section 707, if the minor commits two subsequent felony offenses.

"(b) If the minor consents and waives his or her right to a speedy jurisdictional hearing, the court may refer the case to the probation department or the court may summarily grant deferred entry of judgment if the minor admits the charges in the petition and waives time for the pronouncement of judgment. When directed by the court, the probation department shall make an investigation and take into consideration the defendant's age, maturity, educational background, family relationships, demonstrable motivation, treatment history, if any, and other mitigating and aggravating factors in determining whether the minor is a person who would be benefited by education, treatment, or rehabilitation. The probation department shall also determine which programs would accept the minor. The probation department shall report its findings and recommendations to the court. The court shall make the final determination regarding education, treatment, and rehabilitation of the minor.

"(c) A minor's admission of the charges contained in the petition pursuant to this chapter shall not constitute a finding that a petition has been sustained for any purpose, unless a judgment is entered pursuant to subdivision (b) of Section 793."

(§ 791, subd. (b).) Otherwise stated, once eligibility is established, "the statutory language empowers but does not compel the juvenile court to grant [DEJ] . . . ." (*In re Sergio R.* (2003) 106 Cal.App.4th 597, 605 [131 Cal.Rptr.2d 160]; see also *Martha C. v. Superior Court, supra,* 108 Cal.App.4th at p. 560 ["While . . . eligibility is a necessary condition for DEJ, it is not alone a sufficient basis. Under proper circumstances the court may refuse DEJ even to minors eligible under section 790, subdivision (a)."].) The juvenile court thus independently determines the minor's suitability for DEJ based on certain factors, including the minor's age, maturity, educational background, family relationships, motivation, any treatment history, and any other relevant factors regarding the benefit the minor would derive from education, treatment, and rehabilitation efforts. (Cal. Rules of Court, rule 5.800; see also § 791, subd. (b); *In re Sergio R., supra,* 106 Cal.App.4th at p. 607; *Martha C. v. Superior Court, supra,* 108 Cal.App.4th at p. 562.)

In arguing that, here, the juvenile court was excused from determining whether appellant was suitable for DEJ based on the factors set forth in California Rules of Court, rule 5.800, despite the prosecutor's determination of his eligibility, the People rely on section 791, subdivision (b). That provision provides, "If the minor consents and waives his or her right to a speedy jurisdictional hearing, the court may refer the case to the probation department or the court may summarily grant deferred entry of judgment *if the minor admits the charges in the petition and waives time for the pronouncement of judgment.*" (Italics added.) According to the People, under this provision, where, as here, the minor declines to admit the allegations against him and calls for a contested jurisdictional hearing, the minor no longer qualifies for DEJ consideration.

Appellant disagrees with the People's interpretation of section 791, subdivision (b). Directing us to *In re Luis B.* (2006) 142 Cal.App.4th 1117, 1123 [48 Cal.Rptr.3d 581] (*Luis B.*), appellant argues that, under that statutory provision, once the prosecutor determines a minor is eligible for DEJ, the juvenile court must hold a hearing to determine the minor's suitability, regardless of whether the minor affirmatively asks the court to do so. As appellant notes, the court in *Luis B.* held that "[t]he court is not required to ultimately grant DEJ, but is required to at least follow specified procedures and exercise discretion to reach a final determination once the mandatory threshold eligibility determination is made. ([*In re Sergio R., supra,* 106 Cal.App.4th] at p. 604)." (*Luis B., supra,* 142 Cal.App.4th at p. 1123.)

In deciding the proper interpretation of section 791, subdivision (b), "our function is to look at the statutory scheme in its entirety, giving it a construction that will promote, rather than frustrate, its sensible operation. (E.g., *Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 744 [110 Cal.Rptr.2d 828, 28 P.3d 876]; *In re Michael G.* (1988) 44 Cal.3d 283, 296 [243 Cal.Rptr. 224, 747 P.2d 1152].)" (*In re Kenneth J.* (2008) 158 Cal.App.4th 973, 979 [70 Cal.Rptr.3d 352] (*Kenneth J.*).) And helpful to our inquiry, the Court of Appeal, First District, Division Two, has very recently performed just this function in a case remarkably similar to ours.

In *Kenneth J.*, the minor, like appellant, denied the allegations against him contained in a section 602 petition and requested a contested jurisdictional hearing after the prosecutor found him eligible for DEJ. But thereafter, no hearing was held to assess the minor's suitability for DEJ. (*Kenneth J., supra*, 158 Cal.App.4th at pp. 980–981.) On appeal, the minor argued the juvenile court committed reversible error in failing to discharge its mandatory statutory duty under section 791, subdivision (b) to hold such hearing. (*Kenneth J., supra*, 158 Cal.App.4th at pp. 979–980.) Our colleagues rejected the minor's argument. In particular, in determining the scope of the juvenile court's mandatory duties under section 791, subdivision (b), the appellate court declined to consider the provision in isolation. Rather, the appellate court looked to the statute in its entirety, including subdivisions (a) *and* (b). (*Kenneth J., supra*, 158 Cal.App.4th at pp. 979–980.) Under section 791, subdivision (a), the court noted, the prosecutor's written notice to the minor concerning his or her eligibility for DEJ must include, in addition to a full description of the DEJ procedures, " '[a] clear statement that, in lieu of jurisdictional and dispositional hearings, the court may grant a [DEJ with respect to any offense charged in the petition,] *provided that the minor admits each allegation contained in the petition and waives time for pronouncement of judgment . . . .*' " (*Kenneth J., supra*, 158 Cal.App.4th at p. 979.) The court then reasoned that, where the minor declines to admit each allegation in the petition, as subdivision (a) requires, no duty on behalf of the juvenile court arises under subdivision (b) to refer the case to the probation department or to summarily grant DEJ: "[The minor's] approach erroneously assumes that a juvenile court can start the DEJ process in the teeth of the minor's opposition—in effect, that the DEJ procedure can be forced on an unwilling minor. That is clearly illogical, as there is nothing in the statutory language of *section 791 or California Rules of Court, rule 5.800* which suggests that a minor can be compelled to accept DEJ. Or to put it conversely, the language in the statute and *rule 5.800* requires some measure of consent." (*Kenneth J., supra*, 158 Cal.App.4th at p. 979, italics added.)

"It is perhaps true the DEJ statutes make no express provision for a minor in Kenneth's position, one who is advised of his DEJ eligibility, who does not admit the charges in the petition or waive a jurisdictional hearing, and who does not show the least interest in probation, but who insists on a jurisdictional hearing in order to contest the charges. But the DEJ is clearly intended to provide an expedited mechanism for channeling certain first-time offenders away from the full panoply of a contested delinquency proceeding. That goal could not coexist with a minor who insists on exercising every procedural protection offered, and who then on appeal faults the juvenile court for not intervening and short circuiting those very protections. This would place a juvenile court in an impossible 'Heads he wins, tails I lose' situation—not to mention apparently compelling a juvenile court to hold a hearing to consider DEJ for a minor who evinces no interest whatsoever in that option. We decline to adopt such a mischievous, if not self-defeating, construction." (*Kenneth J., supra,* 158 Cal.App.4th at pp. 979–980.)

■ We find our colleagues' reasoning compelling and, thus, follow it for purposes of this case. As such, we conclude the juvenile court committed no error in failing to hold a hearing to determine appellant's suitability for DEJ once it became clear appellant was not admitting the allegations against him, but rather was insisting on contesting them at a jurisdictional hearing.[3] We thus turn to appellant's remaining contention.

II. *Failure to Designate the Sustained Offense as a Felony or Misdemeanor.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[3] In reaching its decision, the court in *Kenneth J.* distinguished *Luis B.,* the case upon which appellant here relies: "The situation there was a failure of both the prosecuting attorney and the court to consider DEJ for a minor. Here, the prosecuting attorney satisfied the initial statutory obligation to consider DEJ. *In re Luis B.* is factually distinguished by Kenneth's actions that were tantamount to a rejection of DEJ." (*Kenneth J., supra,* 158 Cal.App.4th at p. 980.) The same is true in our case. While the prosecutor indeed satisfied his initial duty to determine whether appellant was eligible for DEJ, appellant thereafter effectively rejected DEJ consideration when he denied the allegations against him and insisted on a contested jurisdictional hearing. As such, as explained above, any duty the juvenile court may have had to determine whether appellant was suitable for DEJ was excused.

* See footnote, *ante,* page 276.

## DISPOSITION

The dispositional order is set aside, and the matter is remanded to the juvenile court for further proceedings in compliance with section 702 and California Rules of Court, rule 5.795(a).

McGuiness, P. J., and Siggins, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 11, 2008, S162303.