[No. B209520. Second Dist., Div. Six. Sept. 17, 2009.]

In re T.P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
T.P., Defendant and Appellant.

COUNSEL

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Lance E. Winters, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GILBERT, P. J.**—A juvenile court's finding that a minor violated his probation does not render the minor ineligible for deferred entry of judgment (DEJ). But a revocation of the minor's probation does.

T.P. appeals a judgment finding, among other things, that he is ineligible for DEJ. (Welf. & Inst. Code, § 800.)[1] The Attorney General concedes T.P.'s argument. We reverse and remand for further proceedings regarding DEJ. (§ 791, subd. (b); *In re Usef S.* (2008) 160 Cal.App.4th 276, 283–284 [72 Cal.Rptr.3d 612] [following determination of statutory eligibility for DEJ, juvenile court independently determines minor's suitability therefor].)

## FACTS AND PROCEDURAL HISTORY

On March 16, 2007, the San Luis Obispo County prosecutor filed a three-count misdemeanor petition pursuant to section 602, alleging that T.P. resisted a police officer, committed vandalism, and committed vandalism of religious property. (Pen. Code, §§ 148, subd. (a)(1), 594, subd. (b)(2)(A), 594.3, subd. (a).) The prosecutor then twice amended the petition to omit the vandalism count, add a criminal street gang allegation, and add a count of felony street terrorism. (*Id.*, §§ 186.22, subd. (b)(1), 186.22, subd. (a).) On June 13, 2007, T.P. admitted committing misdemeanor street terrorism, and the juvenile court dismissed the remaining counts and allegations. The court declared T.P. a ward of the court and placed him on formal probation with terms and conditions.

On July 31, 2007, the probation officer filed a petition pursuant to section 777, alleging that T.P. had violated probation by associating with gang members and using illegal drugs. On August 1, 2007, T.P. admitted the allegations and the juvenile court continued probation with modified terms and conditions.

On January 14, 2008, the prosecutor filed a second petition pursuant to section 602, alleging that T.P. committed petty theft and violated probation by associating with a gang member and using illegal drugs. (Pen. Code, § 484, subd. (a).) On January 15, 2008, T.P. admitted the allegations and the juvenile court continued probation.

On February 13, 2008, the prosecutor filed a third petition pursuant to section 602, alleging that T.P. committed felony vandalism. (Pen. Code, § 594, subd. (b)(1).) The prosecutor later submitted a declaration finding T.P. ineligible for DEJ pursuant to section 790 due to "having been previously placed on probation which was revoked." T.P. contested the finding, but the juvenile court judge found that he was not eligible for DEJ, stating: "[W]hen there is a violation of probation that has been found, and I continue that individual as a ward of the court, [then] I have implicitly found that probation was revoked and reinstated."

---

[1] All further statutory references are to the Welfare and Institutions Code unless stated otherwise.

On April 18, 2008, the prosecutor filed a fourth petition pursuant to section 602, alleging that T.P. committed petty theft for the benefit of a criminal street gang. (Pen. Code, §§ 484, subd. (a), 186.22, subd. (d).) On May 29, 2008, T.P. admitted committing misdemeanor vandalism (third petition) and petty theft (fourth petition). The juvenile court continued probation and dismissed the remaining allegations.

T.P. appeals and contends that the juvenile court erred by concluding that he is ineligible for DEJ. (§ 790 et seq.)

## DISCUSSION

T.P. points out that he is statutorily eligible for DEJ because his "record does not indicate that probation has ever been revoked without being completed." (§ 790, subd. (a)(4).) He asserts that the juvenile court did not revoke his probation during prior proceedings—it continued probation with modified terms and conditions, including periods of confinement. The Attorney General concedes that a finding that T.P. violated probation is not the equivalent of a revocation of probation and that, absent actual revocation, the juvenile court erred by concluding that T.P. is ineligible for DEJ.

■ Section 790, subdivision (a) sets forth the circumstances rendering a minor eligible for DEJ. Subdivision (a)(4) precludes DEJ for a minor whose record reflects "that probation has ever been revoked without being completed."

■ Our Supreme Court has drawn a distinction between a probation violation and probation revocation. "[W]hen a court passes on the ultimate issue of whether probation is to be revoked, the court must decide more than merely whether, in light of an alleged conviction for a new offense, a violation of probation has occurred. If such be the case, the court must go on to decide whether under all the circumstances this violation of probation warrants revocation." (*People v. Coleman* (1975) 13 Cal.3d 867, 895, fn. 22 [120 Cal.Rptr. 384, 533 P.2d 1024].)

■ Here the juvenile court did not expressly revoke T.P.'s probation; it continued probation and modified its terms and conditions. Consequently, T.P. is statutorily eligible for DEJ pursuant to section 790 et seq. The juvenile court did not determine whether T.P. was *suitable* for the program, however. Upon remand, it shall make this determination pursuant to the factors set forth in section 791, subdivision (b) and *In re Usef S., supra*, 160 Cal.App.4th 276, 283–284.

The judgment is reversed and the matter remanded for further proceedings.

Coffee, J., and Perren, J., concurred.

On October 5, 2009, the opinion was modified to read as printed above.