Filed 2/28/13 In re Ricky G. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re RICKY G., a Person Coming Under The Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RICKY G.,<br><br>　　　　　Defendant and Appellant. | F065352<br><br>(Super. Ct. No. JW123121-01)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County. Peter A. Warmerdam, Juvenile Court Referee.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Michael A. Canzoneri and Heather S. Gimle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*　　Before Levy, A.P.J., Kane, J., Detjen, J.

# INTRODUCTION

On May 15, 2012, a petition was filed pursuant to Welfare and Institutions Code section 602[1] alleging 16-year-old appellant, Ricky G., committed a felony, attempted carjacking (Pen. Code, §§ 664 & 215). The petition also alleged that appellant's offense was a serious felony. The prosecutor filed a JV-750 form setting forth a determination that appellant was ineligible for Deferred Entry of Judgment (DEJ). All of the boxes indicating appellant was eligible for DEJ were otherwise checked. The prosecutor did not attach the JV-751 form giving appellant written notification and a full description of the procedures for DEJ as required by section 791, subdivision (a).

Appellant contends, and respondent concedes, that attempted carjacking is not an enumerated offense in section 707, subdivision (b) (hereafter section 707(b)) and that he was eligible for DEJ. Because appellant was not properly notified of his eligibility for DEJ, the parties also agree that this case must be reversed and remanded for further proceedings. We agree with the parties.

## FACTS AND PROCEEDINGS

Appellant appeared before the juvenile court four times in 2012 prior to the jurisdiction hearing: May 16, May 29, June 14, and June 29.[2] On June 29, the juvenile court began taking testimony in the jurisdiction hearing that included appellant's codefendant, Adan L. Guillermina Villagomez testified that on May 13, she was inside her home watching television when her husband asked her if her car was locked. Guillermina's husband asked her to move her car from the street to the driveway. As Guillermina was getting her keys, she saw a girl standing near her car. Guillermina entered the car to move it and started the engine. Guillermina looked up and saw the girl

---

[1]     Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

[2]     All dates occur in the year 2012.

in front of the car and three guys walking up to the side. The three boys met the girl in a triangle shape in front of Guillermina's car and started yelling and cursing at her.

As Guillermina turned on her engine, Adan L. came toward her and stood in front of her on the left side, or driver's side, of her car. Adan L. opened Guillermina's door and hit her twice in the face with his fist. At first, Guillermina was in shock. Adan L. kicked the car door and ordered Guillermina out of the car. Guillermina pressed down on the car horn. Appellant was standing in front of Guillermina's car, blocking her path back into her home. The boys, including appellant, were asking Guillermina in English where she was from and cursing at her.

Guillermina saw her family running toward her. The boys separated themselves a bit from Guillermina's car and she took a right turn and drove faster than the speed limit to get the attention of a police officer. Guillermina found a California Highway Patrol Officer in a parking lot and reported to him that someone had just hit her and tried to rob her. Guillermina believed Adan L. was trying to pull her out of her car.

Guillermina's son, D.V., went outside and approached the young men who were surrounding his mother's car. The three young men, including appellant, rushed at D.V. and attacked him. According to D.V., the boys and the girl all smelled like alcohol. While one boy hit D.V., appellant tried to grab him. D.V. pushed off appellant, hit him, and ran away. D.V.'s sister, I.R., witnessed the incident and recognized appellant from school. A deputy from the Kern County Sheriff's Department later arrested appellant. Appellant had scratches on his elbows, hands, and shoulder.

At the conclusion of the jurisdiction hearing, the juvenile court found the allegation against appellant to be true. The disposition hearing was conducted on July 16, 2012. The court committed appellant to Camp Erwin Owen.

3

## DISCUSSION

Appellant argues, and the People concede, he met the DEJ eligibility requirements and the juvenile court abused its discretion in failing to consider whether he was suitable for DEJ. We begin our analysis by first seeing whether attempted carjacking is a disqualifying offense for DEJ. We conclude that it is not. We then focus our analysis on whether the prosecutor and juvenile court complied with DEJ procedures and find that they failed to do so.

### *Section 707(b) Offenses*

To be eligible for DEJ, a minor cannot commit a section 707(b) offense. (§ 790, subd. (a)(2).) Enumerated section 707(b) offenses include offenses in which a firearm is used (§ 707(b)(17)), violent felonies as defined in Penal Code section 667.5, subdivision (c) which also constitute a violation of Penal Code section 186.22, subdivision (b) (§ 707(b)(21)), and carjacking (§ 707(b)(25)). With the exception of attempted murder, section 707(b) does not list any other attempted felonies. Penal Code section 667.5, subdivision (c) also lists carjacking as a violent felony (Pen. Code, § 667.5, subd. (c)(17)), but does not include attempted carjacking or any other attempted offense.[3] Attempts of offenses listed in section 707(b) are not subject to its provisions. (*David P. v. Superior Court* (1982) 127 Cal.App.3d 417, 421 [adjudication for attempted robbery not subject to provisions of section 707(b)].)

There was no evidence in the record that appellant or any other coperpetrator used a gun or other weapon in the course of the attempted carjacking. There was also no allegation or evidence that the offense was for the benefit of criminal street gang. We

---

[3]     Penal Code section 1192.7, subdivision (c)(27) defines carjacking as a serious felony and includes all attempted felonies listed within its provisions in subdivision (c)(39). Penal Code section 1192.7, subdivision (c), however, is not incorporated by reference into section 707(b).

conclude that attempted carjacking is not a section 707(b) offense and that appellant is not disqualified from DEJ if he admits the offense.

### *DEJ Procedures*

Under the DEJ provisions of Welfare and Institutions Code section 790 et seq., a minor may admit the allegations contained in a section 602 petition in lieu of jurisdiction and disposition hearings and waive time for the pronouncement of judgment. Entry of judgment is then deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3); 793, subd. (c).) (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558.)

The determination of whether to grant DEJ requires consideration of two distinct and essential elements of DEJ, "eligibility" and "suitability." (*In re Sergio R.* (2003) 106 Cal.App.4th 597, 607, fn. 10.) Once the threshold determination of eligibility is made, the juvenile trial court has the ultimate discretion to rule on the minor's suitability for DEJ. (*In re Luis B.* (2006) 142 Cal.App.4th 1117, 1123 (*Luis B.*).)

The eligibility requirements for DEJ are set forth in section 790, which provides that a minor is eligible for DEJ if he or she is accused in a juvenile wardship proceeding of committing a felony offense and all of the six circumstances apply.[4] Suitability for

---

**4** The six applicable circumstances are: "(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense. [¶] (2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707. [¶] (3) The minor has not previously been committed to the custody of the Youth Authority. [¶] (4) The minor's record does not indicate that probation has ever been revoked without being completed. [¶] (5) The minor is at least 14 years of age at the time of the hearing. [¶] (6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code." (§ 790, subds. (a)(1)-(a)(6).)

DEJ is within the court's discretion after consideration of the factors specified by statute and rule of court, and based upon the standard of whether the minor will derive benefit from treatment, education and rehabilitation rather than a more restrictive commitment. (*Luis B.*, *supra*, 142 Cal.App.4th at p. 1123.)

It is the prosecuting attorney's duty to assess a minor's eligibility for DEJ: "The prosecuting attorney shall review his or her file to determine whether [the eligibility requirements set forth above] apply." (§ 790, subd. (b).) California Rules of Court, rule 5.800(b)[5] reiterates the prosecuting attorney's duty, and specifies that the review must be performed "[b]efore filing a petition alleging a felony offense, or as soon as possible after filing ...." (Rule 5.800(b)(1).)

Upon determining that a minor is eligible for DEJ, the prosecuting attorney "shall file a declaration in writing with the court or state for the record the grounds upon which the determination is based, and shall make this information available to the minor and his or her attorney." (§ 790, subd. (b).) The form designed for this purpose is a "Determination of Eligibility--Deferred Entry of Judgment--Juvenile (form JV-750)," the completion of which requires the prosecutor to indicate findings as to the eligibility requirements by checking, or not checking, corresponding boxes. (Rule 5.800(b)(1).)

Rule 5.800(b)(1) directs the prosecutor to file JV-750 "with the petition." In addition, the prosecutor's "written notification to the minor" of the minor's eligibility must include, inter alia, "[a] full description of the procedures for deferred entry of judgment" (§ 791, subd. (a)(1)) and "[a] clear statement that, in lieu of jurisdictional and disposition hearings, the court may grant a deferred entry of judgment with respect to any offense charged in the petition, provided that the minor admits each allegation contained

---

**5** All rule references are to California Rules of Court.

in the petition and waives time for the pronouncement of judgment…." (§ 791, subd. (a)(3).)[6]

Once the prosecuting attorney determines the minor is eligible and the court, the prosecuting attorney, and the minor's attorney agree that the minor should receive DEJ, the hearing on the issue of suitability shall proceed on an expedited basis (rule 5.800(b)(1)). If the court, the prosecuting attorney, and the minor's attorney do not agree that the minor should receive DEJ, the court may examine the record and make an independent determination. (Rule 5.800(b)(2).) Section 791 further provides that where it is determined the minor is eligible for DEJ, "If the minor consents and waives his or her right to a speedy jurisdictional hearing, the court may refer the case to the probation department or the court may summarily grant deferred entry of judgment if the minor admits the charges in the petition and waives time for the pronouncement of judgment." (§ 791, subd. (b).)

Here, the prosecutor filed a JV-750 form, but mistakenly stated that appellant was ineligible for DEJ. All of the other boxes indicating that appellant was otherwise eligible for DEJ were checked except for the box that appellant was eligible for probation under Penal Code section 1203.06. The prosecutor did not attach and file a JV-751 form and failed to otherwise notify appellant of the detailed advisements required by section 791, subdivisions (a)(1) through (a)(6). Furthermore, the court failed to notify appellant's custodial parent of appellant's eligibility for DEJ pursuant to section 792. Appellant was

---

**6** The prosecutor's written notification is distinct from the JV-750 form, which contains no room for the detailed advisements required by section 791, subdivisions (a)(1)-(a)(6). The prosecutor can use a JV-751 form to give the minor and the minor's parents these detailed advisements. Section 792 and Rule 5.800(c) further require the juvenile court judge to give written notification with a JV-751 form at least 24 hours before the hearing to the minor's custodial parent, guardian, or foster parent.

charged with a felony and the record reveals he meets each of the requirements set forth in section 790, subdivisions (a)(1) through (a)(6).

All of the parties and the juvenile court were apparently under the mistaken belief that the attempted carjacking allegation was a section 707(b) offense. It is not.

Two cases have held that when a juvenile who has been properly notified of DEJ elects to proceed to a jurisdiction hearing, challenging the truth of the allegations, that the juvenile has waived DEJ as an option for resolution of his or her case. (*In re Usef S.* (2008) 160 Cal.App.4th 276 (*Usef S.*) and *In re Kenneth J.* (2008) 158 Cal.App.4th 973 (*Kenneth J.*).) In both of these cases, the prosecutor and court complied with all of the DEJ requirements. (*Usef S.*, *supra*, 160 Cal.App.4th at p. 281; *Kenneth J.*, *supra*, 158 Cal.App.4th at p. 979.)

The instant case is distinguishable from both *Usef S.* and *Kenneth J.* Presumably, in those cases the minor was advised by the prosecutor pursuant to section 791, subdivision (a)(3), that the court could grant DEJ "provided … the minor admits each allegation contained in the petition…." Thus, having been found eligible for DEJ, both *Usef S.* and *Kenneth J.* were, in effect, offered the chance to have the court consider their suitability for DEJ and proceeded to jurisdiction hearings instead. Under those circumstances it can fairly be said that denying the allegations of the petition and proceeding to a jurisdictional hearing is tantamount to the minor's rejection of DEJ.

Here, in contrast to *Usef S.* and *Kenneth J.*, the minor was not properly notified of his eligibility for DEJ and did not receive the section 791, subdivisions (a)(1) through (a)(6), advisements, the same cannot be said. Indeed, the minor was incorrectly notified that he was not eligible for DEJ. Here the minor was *not* determined to be eligible for DEJ by the prosecutor and did not receive the section 791, subdivisions (a)(1) through (a)(6), advisements. Unlike the minors in *Usef S.* and *Kenneth J.*, appellant did not

8

effectively reject DEJ by proceeding to an adjudication hearing because he was not given the option of selecting DEJ.

Appellant did not receive written notification of the DEJ procedures from either the prosecutor or the juvenile court as required by the Welfare and Institutions Code. The statutory scheme sets forth mandatory duties for both the prosecutor to give proper notice and the juvenile court to also give proper notice and to conduct the necessary inquiry.[7] Appellant's decision to proceed to a contested jurisdiction hearing was not, under the facts of this case, a meaningful election not to pursue DEJ. The failure to follow DEJ procedures is reversible error. (*Luis B*., *supra*, 142 Cal.App.4th at p. 1123.) Under the circumstances presented here, the court was required to determine whether appellant was suitable for DEJ. We note that the court still has discretion to determine whether or not appellant is suitable for DEJ based on the relevant criteria after the proper advisements have been given.

## DISPOSITION

The juvenile court's orders are reversed. The matter is remanded to the juvenile court for the prosecutor and the juvenile court to comply with the requirements of DEJ. The juvenile court shall exercise its discretion to determine, in view of the requirements set forth in Welfare and Institutions Code section 790 et seq. and California Rules of Court, rule 5.800, whether appellant is suitable for a grant of deferred entry of judgment. The juvenile court shall thereafter conduct such further proceedings as are necessary.

---

[7] Section 792 and rule 5.800(c) now also create a duty for the juvenile court to provide notice to the juvenile of DEJ procedures.

9