Filed 11/6/13  In re Daniel N. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re DANIEL N., a Person Coming Under the Juvenile Court Law. | B244556<br>(Los Angeles County<br>Super. Ct. No. NJ26668) |
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DANIEL N.,<br><br>　　　　Defendant and Appellant. | |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, John C. Lawson II, Judge.  Reversed and remanded.

　　　　Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

The minor and appellant Daniel N. contends on appeal that he met the requirements for deferred entry of judgment (DEJ) under Welfare and Institutions Code section 790 et seq.,[1] but the juvenile court failed to determine his eligibility for DEJ and instead ordered him to juvenile hall. The People concede that the court erred and that the matter must be remanded for compliance with section 790 et seq. We agree that the judgment must be reversed and the matter remanded for a determination of Daniel's suitability for DEJ.

Daniel also requests that we review the sealed record of the juvenile court's *Pitchess*[2] examination of police personnel records to determine whether the court abused its discretion by failing to order disclosure. We find that the juvenile court complied with its obligations under *Pitchess* and did not abuse its discretion.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Factual background.[3]

On February 11, 2012, Los Angeles Police Officers Francisco Macias and Jeff Bruner saw Daniel walking in an alley. As they approached Daniel, he threw a lighter onto the ground. Officer Bruner saw a gun in Daniel's sweatshirt. Daniel had a loaded .25 caliber semiautomatic pistol. Daniel testified and admitted he had a gun.

### II. Procedural background.

On April 11, 2012, a petition was filed under section 602 alleging one count of firearm possession by a minor (Pen. Code, § 29610.) After the juvenile court denied Daniel's motion to suppress evidence, he admitted count 1.

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

[2] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[3] Due to the limited issues on appeal, we need only state in brief the facts underlying the petition. The facts are from a pretrial hearing on the minor's motion to suppress evidence.

At the disposition hearing on October 1, 2012, Daniel's counsel asked for DEJ under section 790. The People requested camp. The court denied the request for DEJ, declared the crime to be a felony with a maximum term of confinement of three years, declared Daniel a ward of court, and placed him in juvenile hall for 45 days after which he would have 45 days of house arrest and then home on probation.

## DISCUSSION

### I.   The juvenile court failed to comply with section 790 et seq.

Daniel contends that the matter must be remanded for a determination of his suitability for DEJ under section 790 et seq. The People concede, and we agree.

Under section 790, "in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)" (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558.)

Section 790, subdivision (a) therefore makes a minor eligible for DEJ if the following six circumstances apply: "(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense[;] [¶] (2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707[;] [¶] (3) The minor has not previously been committed to the custody of the Youth Authority[;] [¶] (4) The minor's record does not indicate that probation has ever been revoked without being completed[;] [¶] (5) The minor is at least 14 years of age at the time of the hearing[;] [and] [¶] (6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code." Section 790, subdivision (b), also requires the prosecutor to determine whether these circumstances apply and to inform the court. (See also Cal. Rules of Court, rule 5.800(b); *In re C.W.* (2012) 208 Cal.App.4th 654, 659; *In re Luis B.* (2006) 142 Cal.App.4th 1117, 1122.)

If a minor meets the requirements for DEJ, the juvenile court may either refer the matter to the probation department, which shall investigate whether the minor would benefit from education, treatment or rehabilitation and report its findings to the court, or the court may summarily grant DEJ. (§ 791, subd. (b).) If the matter is referred to the probation department, then the court, after receiving the department's report, has the ultimate discretion to grant DEJ. (*In re Luis B., supra,* 142 Cal.App.4th at p. 1123.) But the prosecuting attorney's initial duty to assess the minor's eligibility for DEJ and the court's duty, if the minor is found eligible, either to summarily grant DEJ or to conduct a suitability hearing are mandatory. (*Ibid.*)

Daniel met all six circumstances. He had no prior record; hence, he had never before been declared a ward of court for committing a felony, he had never been committed to Youth Authority, and probation had never been revoked without being completed. He was 17 at the time of the hearing. A violation of Penal Code section 29610 is not an offense enumerated in section 707. Although Daniel satisfied the criteria in section 790, the record does not show that the prosecutor complied with the section by submitting a statement of his eligibility. (Cal. Rules of Court, rule 5.800(b)(1); § 790, subd. (b).) Rather, the record merely shows that the prosecutor requested camp.

The matter must therefore be remanded so that the juvenile court can comply with the procedures outlined in section 790 et seq.

## II. *Pitchess.*

The minor sought discovery of peace officer personnel records under *Pitchess, supra*, 11 Cal.3d 531. He sought, as to Officers Bruner and Macias, information related to complaints regarding "misconduct amounting to moral turpitude," including acts of aggression, violence or excessive force, racial or ethnic bias, coercive conduct, fabrication of charges or evidence, illegal search and seizure, false arrest, perjury, dishonesty, writing false or misleading reports, and planting evidence.

On July 26, 2012, the juvenile court found good cause for an in camera review of the officers' records related to complaints regarding "false testimony, false arrest, planting of evidence, of perjury, and illegal search." The court conducted an in camera

4

review that same day and found no relevant records for disclosure.  Daniel requests that we review the sealed transcript of the trial court's *Pitchess* review to determine whether the court abused its discretion by failing to order disclosure.  (See generally, *People v. Mooc* (2001) 26 Cal.4th 1216 [describing procedure a court must follow in conducting an in camera hearing under *Pitchess*].)

Trial courts are vested with broad discretion when ruling on motions to discover peace officer records (*People v. Samayoa* (1997) 15 Cal.4th 795, 827; *Haggerty v. Superior Court* (2004) 117 Cal.App.4th 1079, 1086), and we review a court's ruling for abuse (*People v. Mooc, supra*, 26 Cal.4th at p. 1228; *People v. Hughes* (2002) 27 Cal.4th 287, 330).  We have reviewed the sealed transcript of the in camera hearing conducted on July 26, 2012.  The transcript constitutes an adequate record of the trial court's review of any documents provided to it and reveals no abuse of discretion.

## DISPOSITION

The judgment, findings and dispositional orders are reversed. The matter is remanded for further proceedings in compliance with section 790 et seq. and California Rules of Court, rule 5.800.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

CROSKEY, Acting P. J.

KITCHING, J.