Filed 9/29/14  In re S.L. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re S.L., a Person Coming Under the Juvenile Court Law.<br>_____<br>THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>S.L.,<br><br>      Defendant and Appellant. | B250480<br><br>(Los Angeles County<br>Super. Ct. No. MJ22162) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Nancy S. Pogue, Juvenile Court Referee.  Vacated and remanded with directions.

Torres & Torres and Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

By petition filed under Welfare and Institutions Code section 602,[1] it was alleged that appellant S.L. had committed five separate acts of vandalism with damage exceeding $400. (Pen. Code, § 594, subd. (b).) Following a contested jurisdictional hearing, the juvenile court found the allegations true, sustained the petition, declared S.L. a ward of the court, and ordered him home on probation.

The judgment is vacated and the matter is remanded for further proceedings.

## BACKGROUND

After being stopped by a police officer for riding a bicycle without a helmet, 16-year-old S.L. admitted he was a member of a Lancaster tagging crew and had been responsible for five or six instances of graffiti vandalism. At the adjudication hearing, however, S.L. denied having committed any of the charged counts of vandalism and testified he admitted having done so only because he had been afraid of the officer.

The juvenile court found all five counts true, declared S.L. a ward of the court, and ordered him home on probation.

## CONTENTION

The judgment is flawed because there was no determination made regarding S.L.'s eligibility and suitability for a deferred entry of judgment (section 790, et seq.).

## DISCUSSION

S.L. contends, and the Attorney General properly concedes, that the judgment in this case must be vacated and the matter remanded for further proceedings because the prosecutor failed to determine S.L.'s eligibility for the deferred entry of judgment program.

1. *Legal principles.*

" 'The DEJ [deferred entry of judgment program] provisions of section 790 et seq. were enacted as part of Proposition 21, The Gang Violence and Juvenile Crime Prevention Act of 1998, in March 2000. The sections provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602

---

[1]    All further references are to the Welfare and Institutions Code unless otherwise specified.

petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)' [Citation.] [¶] 'To be admitted to the DEJ program, a minor must be eligible under section 790, subdivision (a).' [Citation.] [The juvenile] is eligible for consideration for DEJ under section 790, subdivision (a), . . . 'if all of the following apply: [¶] (1) The child is 14 years or older at the time of the hearing on the application for deferred entry of judgment; [¶] (2) The offense alleged is not listed in section 707(b); [¶] (3) The child has not been previously declared a ward of the court based on the commission of a felony offense; [¶] (4) The child has not been previously committed to the California Department of Corrections and Rehabilitation, Division of Juvenile Justice; [¶] (5) If the child is presently or was previously a ward of the court, probation has not been revoked before completion; and [¶] (6) The child meets the eligibility standards stated in Penal Code section 1203.06' for probation. [Citations.]" (*In re Luis B.* (2006) 142 Cal.App.4th 1117, 1121-1122.)

California Rules of Court, rule 5.800 [deferred entry of judgment], provides in pertinent part: "(b) Procedures for consideration (§ 790) [¶] (1) Before filing a petition alleging a felony offense, or as soon as possible after filing, the prosecuting attorney *must* review the child's file to determine if the requirements of (a) are met. If the prosecuting attorney's review reveals that the requirements of (a) have been met, the prosecuting attorney *must* file Determination of Eligibility – Deferred Entry of Judgment – Juvenile (form JV-750) with the petition." (Italics added.) "The trial court then has the ultimate discretion to rule on the suitability of the minor for DEJ after consideration of the factors specified in rule [5.800] and section 791, subdivision (b), and based upon the ' "standard of whether the minor will derive benefit from 'education, treatment, and rehabilitation' rather than a more restrictive commitment. [Citations.]" ' [Citation.]" (*In re Luis B., supra,* 142 Cal.App.4th at p. 1123.)

3

2.  *Discussion*

The Attorney General agrees with S.L.'s contention that, because there is no indication in the record S.L. was notified of his eligibility for a deferred entry of judgment, the case must be remanded for further proceedings. The Attorney General acknowledges S.L. "appeared to be eligible to receive a deferred entry of judgment" and "the record does not indicate that the prosecution filed the notice required by Welfare and Institutions Code sections 790, subdivision (b), and 791."

As in *Luis B.,* this resulted in error: "Here, the prosecuting attorney did not satisfy the statutory requirements to determine eligibility and provide notice, and the trial court failed to conduct the necessary inquiry and exercise discretion to determine whether defendant will derive benefit from education, treatment, and rehabilitation rather than a more restrictive commitment. Therefore, error was committed." (*In re Luis B., supra,* 142 Cal.App.4th at p. 1123.)

We agree with the parties that, in this situation, the proper course is to "remand the case to the juvenile court to properly consider [S.L.] for [deferred entry of judgment]." (*In re Luis B., supra,* 142 Cal.App.4th at p. 1120.)

## DISPOSITION

The judgment is vacated and the matter is remanded to the juvenile court for further proceedings in compliance with section 790 et seq. and California Rules of Court, rule 5.800.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KLEIN, P. J.

We concur:



KITCHING, J.                                        ALDRICH, J.

4