Filed 2/6/14  P. v. Jaurique CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LOUIS C. JAURIQUE,<br><br>    Defendant and Appellant. | C069319<br><br>(Super. Ct. No. 11F01083) |

A jury convicted defendant Louis C. Jaurique on four counts of lewd and lascivious conduct with a child under the age of 14.  The trial court sentenced him to an aggregate of 12 years in prison.

Defendant now contends (1) one of the convictions on count three or count four must be reversed because there was insufficient evidence to support two distinct lewd acts; (2) the trial court failed in its sua sponte duty to instruct that the act for each conviction must be distinct; (3) in the alternative, if defendant is deemed to have forfeited

1

his claim of instructional error, then he was denied effective assistance of counsel when his lawyer failed to request a modified instruction; (4) defendant was also denied effective assistance of counsel when his lawyer failed to object to the imposition of consecutive sentences on counts three and four; and (5) the trial court should have stayed sentence on count three or count four pursuant to Penal Code section 654.[1]

We conclude (1) the convictions on counts three and four are supported by sufficient evidence; (2) the trial court did not have a sua sponte duty to provide additional instruction and it did not commit instructional error; (3) defendant's trial counsel was not deficient in failing to request a modified instruction; (4) even if defendant's trial counsel was deficient in failing to object to the consecutive sentences on counts three and four, defendant has not established prejudice; and (5) substantial evidence supports the implied finding of separate criminal objectives for each offense.

We will affirm the judgment.

BACKGROUND

The victim lived with her great-grandmother from 1997 until 2007. Other relatives also lived there, including defendant, the victim's great-uncle. The victim's mother visited her regularly. The crimes occurred between 2002 and 2005, when the victim was between six and nine years old.

In May 2010, the victim informed her aunt that, years earlier, the defendant had touched her sexually. The aunt called the victim's mother and invited her to join the conversation. The victim confirmed the molestation but did not provide details. The victim said the only reason she reported the molestation when she did was that she was scared for her five-year-old cousin, defendant's granddaughter, whom defendant had been treating "really nicely like he used to treat me."

---

[1] Undesignated statutory references are to the Penal Code.

2

The mother informed the great-grandmother but did not call police that day because she feared they might lose the girl to "the system" and never see her again. Eventually, however, the victim's family contacted child protective services.

A detective from the police department's sexual assault child abuse unit conducted an investigation. He arranged for the victim to be interviewed in early 2011 by a forensic interview specialist at the safe center. The detective witnessed the interview and testified at trial that the victim told the interviewer about an incident when she was between five and nine years old, while her grandmother and defendant's wife were working and she and defendant were in his bedroom with the door closed. The victim said the defendant placed his hand on her vagina but was interrupted when another aunt living in the house knocked on the door. The victim testified at trial that defendant touched the inside of her vagina.

In testifying about the interview, the detective said the victim described another incident when she was about eight years old. The victim said she and defendant were alone in his bedroom when defendant touched both the inside and outside of her vagina. At trial, the victim testified that she had been lying on defendant's bed when he began masturbating. But when asked if defendant touched her, she replied, "I don't think so."

The victim was 15 years old at the time of trial. She answered questions reluctantly. She said she had never discussed the details of the incidents prior to trial except during the safe center interview. She had not given details to relatives and had refused to talk to a counselor. She said defendant told her that if she told others about the sexual incidents, he would get in trouble.

Additional facts will be referenced in the discussion as relevant to the contentions on appeal.

3

The jury convicted defendant on four counts of lewd and lascivious conduct with a child under the age of 14 (§ 288, subd. (a) -- counts one, two, three and four).[2] The trial court sentenced defendant to 12 years in prison, consisting of six years on count one and two consecutive years each for counts two, three and four.

## DISCUSSION

## I

Defendant contends one of the convictions on count three or count four must be reversed because there was insufficient evidence to support two distinct lewd acts. On count three, the jury convicted defendant for placing his hand "on" the victim's vagina; on count four, the jury convicted defendant for placing his finger "in" the victim's vagina. The victim told the safe center interviewer that defendant "touch[ed] her vagina on the inside and also [on] the outside" while they were on his bed and "everyone was at work." The jury had to have credited the victim's interview statement in order to convict defendant on counts three and four.

Defendant argues, however, that there was no evidence the acts were distinct. He claims there must be substantial evidence that he stopped touching one area of the victim's body before touching the other, as opposed to touching outside and inside in a "single continuous motion." We disagree.

In reviewing the sufficiency of the evidence, we presume the existence of "every fact the jury could reasonably deduce from the evidence" in support of the judgment. (*People v. Bloyd* (1987) 43 Cal.3d 333, 346-347.) Moreover, "[e]ven in the absence of testimony describing the precise sequence of the various acts," a jury can reasonably

---

[2] Count two of the information charged defendant with lewd and lascivious conduct with a child under the age of 14 by use of force. (§ 288, subd. (b)(1).) The jury found him not guilty of violating section 288, subdivision (b)(1), but found him guilty of the lesser included offense of violating section 288, subdivision (a).

4

conclude that multiple lewd acts and multiple violations of section 288 occurred. (*People v. Scott* (1994) 9 Cal.4th 331, 348.)  Specifically, this court held that when a defendant "stopped rubbing an area and inserted his finger in [the victim's] vagina, . . . he stopped one lewd act and began another.  There is no requirement that there be a delay between the completion of one act and the commencement of another."  (*People v. Jimenez* (2002) 99 Cal.App.4th 450, 456-457.)

Here, there is sufficient evidence to support the convictions on counts three and four.

II

Defendant next claims the trial court failed in its sua sponte duty to instruct the jury that the act for each conviction must be distinct.

The trial court instructed the jury with CALCRIM No. 1110, which sets forth the elements of Penal Code section 288, subdivision (a).  Later, during deliberations, the jury asked why counts three and four were charged separately when they occurred on the same day.  The trial court responded in writing, without objection from counsel, as follows:  "You must base the decisions you make on the facts and the law provided to you during the trial.  First, you must determine the facts from the evidence received in the trial, and not from any other source.  Second, you must accept and follow the law as stated in my instructions.  [¶]  The allegations are reflected in the verdict forms for each of the counts.  [¶]  The Court directs you to continue with your deliberations."

Defendant claims the trial court should have instructed the jury with the following additional language contained in the bench notes for CALCRIM No. 1110:  "Each individual act that meets the requirements of section 288 can result in a new and separate statutory violation.  [Citations.]  For example, if a defendant fondles one area of a victim's body with the requisite intent and then moves on to fondle a different area, one offense has ceased and another has begun.  There is no requirement that the two be

5

separated by a hiatus or period of reflection." (Bench Notes to CalCRIM No. 1110 (Apr. 2011 Supp.), pp. 101-102.)

The proposed language is consistent with our conclusion in part I, *ante*, and with this court's holding in *People v. Jimenez, supra,* 99 Cal.App.4th at pp. 456-457. In fact, *Jimenez* is cited in the bench notes. Nonetheless, defendant argues that without the additional bench note language, the jury might have found defendant guilty of separate offenses because he touched different parts of the victim's body. But the bench note language would not instruct otherwise; it says touching separate places can lead to separate offenses even if there has been no temporal interruption. In any event, the jury was instructed with CALCRIM No. 3515 [multiple counts: separate offenses] and CALCRIM No. 3550 [pre-deliberation instructions, including unanimity instructions].

Under the circumstances, the trial court did not have a sua sponte duty to provide additional instruction from the bench notes, and it did not commit instructional error.

III

Defendant further asserts that if he is deemed to have forfeited his claim of instructional error, then he was denied effective assistance of counsel when his lawyer failed to request a modification of CALCRIM No. 1110. Of course, we did not deem his instructional error claim forfeited; we addressed it on the merits because he argued the trial court breached a sua sponte duty. Nonetheless, to the extent he now contends his trial counsel was ineffective for failing to request a modified instruction, we address that claim in this part.

To establish a violation of the constitutional right to effective assistance of counsel, defendant must show that counsel's performance failed to meet an objective standard of reasonable competence and also that it undermined the adversarial process so much that " 'the trial cannot be relied on as having produced a just result.' " (*People v. Mayfield* (1997) 14 Cal.4th 668, 783-784, quoting *Strickland v. Washington* (1984) 466 U.S. 668, 686 [80 L.Ed.2d 674, 692-693].)

6

We have already explained that the bench note language was not required. Under the circumstances, defendant's trial counsel was not deficient in failing to request such language. Moreover, there was no prejudice because the language was consistent with the jury verdicts.

IV

Defendant asserts his trial attorney was also ineffective when he failed to object to the imposition of consecutive sentences on counts three and four.

The trial court imposed the middle term of six years on count one, and two consecutive years each for counts two, three and four. After imposing sentence on the first count, the trial court said: "In Counts Two through Four, they are all violations of Section 288, sub[division] (a) of the Penal Code involving the same victim, but occurring on separate occasions." Defendant argues his trial attorney should have objected because there is no evidence that counts three and four occurred on separate occasions.

In addressing the criteria affecting consecutive or concurrent sentences, the probation report said the crimes "involved separate acts of violence" (Cal. Rules of Court, rule 4.425(a)(2)) and "were committed at different times and separate places, rather than being committed so close in time and place as to indicate a single period of aberrant behavior." (Cf. Cal. Rules of Court, rule 4.425(a)(3).) For counts two through four, the probation report recommended sentencing defendant to one-third the midterm, or two years, on each count, to be served consecutively, pursuant to California Rules of Court, rule 4.25(a)(2) and (3).

We conclude that even if defendant's trial counsel was deficient in failing to object to the consecutive sentences, defendant has not established prejudice, because the evidence establishes that the convictions on counts three and four did not involve "a single period of aberrant behavior." (Cal. Rules of Court, rule 4.425(a)(3).)

There was no constitutional violation. (See *People v. Mayfield, supra,* 14 Cal.4th at pp. 783-784.)

7

# V

Finally, defendant argues the trial court should have stayed sentence on count three or count four pursuant to section 654. As we have explained, the jury convicted defendant on count three for placing his hand on the victim's vagina, and convicted him on count four for placing his finger in the victim's vagina.

Section 654, subdivision (a) provides, in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." "The purpose of section 654 is to ensure that a defendant's punishment is commensurate with his culpability and that he is not punished more than once for what is essentially one criminal act." (*People v. Kwok* (1998) 63 Cal.App.4th 1236, 1252.) Determining whether a course of criminal conduct is essentially one act, courts look to the defendant's objective and intent. (*Id*. at p. 1253.)

In a case where sexual gratification was the single apparent motive, a defendant was properly sentenced for each of three separate counts of the same sexual assault crime when the victim twice pulled away and the defendant persisted. (*People v. Harrison* (1989) 48 Cal.3d 321, 338.) "[S]ection 654 does not preclude separate punishment for multiple sex offenses which, although closely connected in time and part of the same criminal venture, are separate and distinct, and which are not committed as a means of committing any other sex offense, do not facilitate commission of another sex offense, and are not incidental to the commission of another sex offense." (*People v. Castro* (1994) 27 Cal.App.4th 578, 584-585.) But when a defendant has been convicted of sex

8

crimes that are incidental to the commission of others, sentencing for the incidental crimes is stayed. (*People v. Perez* (1979) 23 Cal.3d 545, 551.)**3**

We agree with the Attorney General that this is a close question. But as defendant acknowledges, we cannot assume that the fondling offense in count three is incidental to the digital penetration in count four. (*People v. Scott, supra,* 9 Cal.4th at p. 347, fn. 9.) When a trial court sentences a defendant to separate terms, a finding of separate criminal objectives for each offense is implied. (*People v. Islas* (2012) 210 Cal.App.4th 116, 129.) We must affirm on review if the implied finding is supported by substantial evidence. (*Ibid.*)

The record indicates a distinct difference between the acts in count three and count four. Count three involved defendant's hand on the outside of the victim's vagina; count four involved the penetration of his finger inside her vagina. Just as in *People v. Alvarez* (2009) 178 Cal.App.4th 999, the record here is "entirely susceptible of the interpretation" that defendant used his hand on the outside of the victim's vagina for the purpose of his own arousal "and that, in doing so, he was not facilitating any other form of sexual contact, although that is where things ultimately led." (*Alvarez, supra,* 178 Cal.App.4th

---

**3** After the trial court sentenced defendant in this case, the California Supreme Court held that section 654 "does not bar multiple punishment for violations of the same provision of law." (*People v. Correa* (2012) 54 Cal.4th 331, 344.) That holding applies prospectively (*ibid.*), but the Supreme Court relied on the reasoning of prior decisions, namely that a " ' "defendant who attempts to achieve sexual gratification by committing a number of base criminal acts on his victim is substantially more culpable than a defendant who commits only one such act." ' " (*Id*. at p. 342, quoting *People v. Harrison, supra,* 48 Cal.3d at p. 336.)

9

at p. 1007.)  Each lewd act was separate and distinct.  Substantial evidence supports the implied finding of separate criminal objectives for each offense.

DISPOSITION

The judgment is affirmed.

                                                  _____MAURO_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____HULL_____, J.