[No. AO10717. First Dist., Div. Two. Oct. 18, 1983.]

In re JOSE R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOSE R., Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Diane M. Griffiths, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KLINE, P. J.**—Jose R., a minor, appeals from an order of the superior court continuing him as a ward of the juvenile court and committing him to the California Youth Authority for a maximum term of five years ten months. He contends that the court erred in failing to make an express finding of "probable benefit" to the minor of a Youth Authority commitment pursuant to Welfare and Institutions Code section 734.[1] He further contends that there is no substantial evidence in the record to support a finding of probable benefit.

Appellant was found to have committed a robbery, to have been intoxicated in public and to have obstructed a peace officer in the performance of his duties. At the dispositional hearing on August 5, 1981, appellant admitted an additional allegation of possession of stolen property and was committed to the Youth Authority. No express finding of probable benefit to the minor was made by the court in ordering the Youth Authority commitment. Rather, the court stated: "Okay, Jose, because we've tried almost everything else, including the boy's ranch where you escaped from and you continue to get yourself involved in criminal activity, and then a much more serious crime, that of robbery, you'll be continued as a ward of the Court and removed from the physical custody of your grandmother pursuant to Section 726 (b) and (c) of the Welfare and Institutions Code and committed to the California Youth Authority with the County of Monterey to pay twenty five dollars per month for support."

Welfare and Institutions Code section 734 provides: "No ward of the juvenile court shall be committed to the Youth Authority unless the judge of the court is fully satisfied that the mental and physical condition and qualifications of the ward are such as to render it probable that he will be

---

[1]Unless otherwise indicated all statutory references are to the Welfare and Institutions Code.

benefited by the reformatory educational discipline or other treatment provided by the Youth Authority."

Appellant contends that section 734, as interpreted by the California Supreme Court in *In re Aline D.* (1975) 14 Cal.3d 557 [121 Cal.Rptr. 816, 536 P.2d 65], and *In re John H.* (1978) 21 Cal.3d 18 [145 Cal.Rptr. 357, 577, P.2d 177], require an express finding of probable benefit to the minor. By its terms, section 734 requires that the court be "fully satisfied" that Youth Authority commitment will be of probable benefit to the minor. That section does not explicitly require an express finding of probable benefit.

In *In re Aline D., supra,* 14 Cal.3d 557, the Supreme Court held that "a CYA commitment may not be made for the sole reason that suitable alternatives do not exist. Instead, the court must be 'fully satisfied' that a CYA commitment probably will benefit the minor." (*Id.,* at p. 562.) The juvenile court referee in *Aline D.* indicated he was dissatisfied with a Youth Authority commitment, but believed that the absence of suitable alternatives nonetheless required such placement. The Supreme Court reviewed the record and concluded that "the record before the juvenile court discloses that CYA may not be a suitable placement facility for Aline, and that the referee himself, acting for the juvenile court, entertained very substantial doubt in the matter. The record does not disclose that the court was, in the language of the statute, 'fully satisfied that the . . . condition and qualifications of the ward are such as to render it probable that he will be benefitted' by the discipline or treatment available at CYA." (*Id.,* at p. 565.)

While not directly declaring the necessity of an express finding of probable benefit, the court did state that "[A] commitment to CYA must be supported by a *determination,* based upon substantial evidence in the record, of probable benefit to the minor." (*Id.,* at p. 567, italics added.)

In a later case, *In re John H., supra,* 21 Cal.3d 18, the Supreme Court, although holding that the superior court need not make and enter express findings indicating the reasons for the commitment order (*id.,* at p. 21) implied that the ultimate finding of probable benefit must be made. The court emphasized that the decision to commit a minor to the youth authority "ordinarily is accompanied by a record which amply discloses the reasons supporting the commitment." (*Id.,* at p. 23.) Nevertheless, in explaining that "there is no statutory requirement that either the juvenile court or referee express the reasons which support a minor's commitment to the Youth Authority . . . ," the court did recognize that the juvenile court had recited in the language of section 734 that appellant "would probably benefit from treatment provided by the Youth Authority." (*Id.,* at pp. 22-23.) The court reiterated the language of *Aline D.* that section 734 requires a determination

of probable benefit to the minor from a Youth Authority placement. (*Id.,* at p. 22-23.) The court concluded that *"apart from these two sections* [§§ 726 and 734], the Legislature has not imposed any requirement that particular findings be entered in support of a commitment order." (*Id.,* at p. 23, italics added.) The inference arises that the ultimate determination of probable benefit must be couched in the form of an explicit finding.

Moreover, the Court of Appeal in *In re Robert D.* (1979) 95 Cal.App.3d 767 [157 Cal.Rptr. 339], stated unequivocally that "By statutory mandate, the juvenile court *must* find such commitment to be a probable benefit to the minor. (Welf. & Inst. Code, § 734.) However, the specific reasons for such commitment need not be stated in the record. Rather that determination must be supported by substantial evidence contained within the record. (See *In re John H., supra,* 21 Cal.3d at p. 27; *In re Aline D., [supra],* 14 Cal.3d 557, 567 . . . .)" (*Id.,* at p. 773.)

The foregoing cases, which are hardly models of clarity on the precise point before us, seem to contemplate that section 734 requires a conclusory finding that a Youth Authority commitment is for the probable benefit of the minor.

■ Where the record is adequate to facilitate review of the juvenile court's commitment determination we see no more reason to require recitation by the juvenile court of the statutory language of probable benefit than to require a statement of reasons supporting the ultimate finding. Remand for recitation by the court of the magic words "probable benefit" where the record discloses that the court was "fully satisfied" as to the existence of probable benefit, would serve little purpose and would necessitate undue expenditure of time and attention by court, counsel, and the juvenile authorities, which resources could be better spent elsewhere.

■ Contrary to appellant's contention, we believe the record in this case supports a determination of probable benefit and discloses that the court was "fully satisfied" that the commitment would be of probable benefit to the minor.

■ The standard of review of juvenile court commitment decisions is well established. "The decision of the juvenile court or superior court may be reversed on appeal only upon a showing that the court abused its discretion in its commitment of the minor. A reviewing court must indulge in all reasonable inferences to support the findings of the juvenile court, and such findings will not be disturbed on appeal when there is substantial evidence to support them. (*In re Michael R.* (1977) 73 Cal.App.3d 327, 333 . . .; *In re Clarence B.* (1974) 37 Cal.App.3d 676, 682 . . . .) If a commitment

conforms to the general purposes of the Juvenile Court Law, the disposition will be deemed to fall within the sound discretion of the juvenile court. (*In re Todd W.* (1979) 96 Cal.App.3d 408, 417 . . . ; Welf. & Inst. Code, § 202.)" (*In re James H.* (1981) 121 Cal.App.3d 268, 273, fn. omitted.)

 The record discloses that appellant has a lengthy record of juvenile offenses. At the time of his arraignment Jose R. was on probation. In January 1979 he was placed on probation without wardship on burglary charges. That probation was terminated in July. In December 1979 he was declared a ward for battery and malicious mischief. In February of 1980 the minor left his placement without permission. A supplemental petition was filed and found true. The minor was continued a ward of the court and committed to the Natividad Boys Ranch. He escaped from the ranch in April. On April 30 he was continued as a ward and recommitted to the ranch. He was released from the ranch in October 1980, continued as a ward and returned to the custody of his grandmother. In January 1981 he was committed to the juvenile hall following the sustaining of a petition charging possession of stolen property. In addition, the minor has had numerous other contacts with the juvenile authorities.

The probation report recommended Youth Authority commitment as "the only practical solution in this situation, both in the aspects of the *minor's best interests* and the well being of the community." (Italics added.)

The "behavior report" prepared by juvenile hall authorities states that the minor "performs best . . . in a very structured program. . . ." That report also points out that this was the minor's 18th time at the juvenile hall and that he had little trouble adjusting to the rules and regulations of the hall although he had on several occasions been removed from classes at the juvenile hall school for poor attitude and behavior.

In addition to recommending Youth Authority placement as in the best interests of the minor, the probation report discusses appellant's delinquent history, the failure of prior efforts toward rehabilitation, his lack of living and educational skills, and his lack of remorse (including appellant's statement that he had been falsely accused and that therefore "when I get out I am going to have to be kicking some ass").

The behavior report also refers to appellant's difficulty in accepting responsibility and self-discipline, an attitude which is apparently supported by appellant's grandmother (and former custodian) who on several occasions sought to justify appellant's negative social behavior by providing excuses or alibis to juvenile authorities.

Appellant clearly appears to be the type of juvenile for which Youth Authority commitment is appropriate. "The courts have persistently been concerned with the commingling of unsophisticated, mildly delinquent minors with more criminally oriented groups of delinquents . . . ." (Harris, Cal. Juvenile Court Practice (Cont.Ed.Bar 1981) § 10.7, p. 281.) Appellant is not the unsophisticated, mildly delinquent youth, for whom Youth Authority referral would be inappropriate. (See, e.g. *In re Aline D., supra,* 14 Cal.3d 557, 565; Harris, Cal. Juvenile Court Practice, *supra,* at p. 282.)

Among considerations for commitment which courts have found to be valid are: escape from a less secure facility (*In re Ricky H.* (1981) 30 Cal.3d 176, 184 [178 Cal.Rptr. 324, 636 P.2d 13]), the recommendation of the probation report (*In re Clarence B.* (1974) 37 Cal.App.3d 676, 683 [112 Cal.Rptr. 474]), a pattern of increasingly serious delinquent behavior (*In re Anthony M.* (1981) 116 Cal.App.3d 491, 502, fn. 2 [172 Cal.Rptr. 153]), and the need for a locked facility. (Thompson, Cal. Juvenile Court Desk Book (Cont.Ed.Bar 1978) §§ 9.17-9.18, pp. 170-172.) These considerations apply in the instant case. The record amply supports the conclusion that Youth Authority commitment would probably benefit the minor. (See *In re Robert D., supra,* 95 Cal.App.3d 767, 773.)

■ Based upon the foregoing, even were we to conclude that the juvenile court erred in failing to make explicit its determination that a Youth Authority commitment would probably benefit the minor, the error is simply one of statutory, and not constitutional dimension. (See *In re Robert W.* (1977) 68 Cal.App.3d 705, 721 [137 Cal.Rptr. 558].) As such, the failure of the juvenile court to explicitly find that Youth Authority commitment would probably benefit the minor constituted harmless error. The record shows that the court was fully satisfied that placement would probably benefit the minor and it is not reasonably probable that a result more favorable to appellant would have been reached in the absence of such error. (See *In re Robert W., supra,* at pp. 721-722; *People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243].)

The judgment is affirmed.

Rouse, J., and Miller, J., concurred.