Filed 2/18/14  In re A.C. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.C.,<br><br>        Defendant and Appellant. | A139350<br><br>(Contra Costa County<br>Super. Ct. No. J1300197) |

Appellant A.C., was found to be a ward of the juvenile court after pleading no contest to a first degree residential burglary and grand theft from the person of another (Pen. Code, §§ 459, 460, subd.(a), 487, subd. (c)).  On March 14, 2013, the court placed A.C. on probation, removed him from the custody of his parents and committed him to a residential program at the Orin Allen Youth Rehabilitation Facility (OAYRF) for a term of nine months.  A petition was filed on June 7, alleging that A.C. had violated his probation as a result of a physical altercation with another resident at OAYRF. Following a contested jurisdictional hearing on July 1, the court sustained the allegations of the petition and found A.C. in violation of his probation.  At the dispositional hearing on July 16, the court ordered an out of home placement for A.C.  A.C. appeals from the court July 1 and July 16 orders.

1

Assigned counsel has submitted a *Wende*[1] brief, certifying that counsel has been unable to identify any issues for appellate review. Counsel also has submitted a declaration confirming that A.C. has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention. No supplemental brief has been submitted. As required, we have independently reviewed the record. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

We find no arguable issues and therefore affirm.

## BACKGROUND

In the contested jurisdictional hearing on the probation violation, A.C. was represented by counsel. A counselor at OAYRF testified to his observation of the physical altercation between A.C. and another resident. A video recording of the incident was introduced by the defense. A.C. testified in his own defense. A.C. said that he had been threatened and attacked by the other resident, and he denied assaulting the resident. After viewing the video (which had no audio), the court noted that, while the other resident had thrown the first blow (as confirmed by the counselor), it did not "see this [as] a situation of self-defense." The court sustained the petition's allegations.

At the dispositional hearing, defense counsel urged the court to follow the probation department's recommendation to continue A.C. in the OAYRF program for an additional 45 days. The court declined to follow the recommendation, based not only on the facts of the current probation violation, but also on A.C.'s overall poor performance while at OAYRF, including two prior altercations with other residents, as well as other issues in placement including peer conflicts, disruptive classroom behavior and theft.

## DISCUSSION

*Jurisdictional Order*

" 'A reviewing court must indulge in all reasonable inferences to support the findings of the juvenile court, and such findings will not be disturbed on appeal when there is substantial evidence to support them. [Citation.]' " (*In re Jose R.* (1983)

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.

2

148 Cal.App.3d 55, 59.) In determining whether there is sufficient evidence to support a court's findings, we review the entire record in the light most favorable to the prosecution to see if any rational trier of fact could have been so persuaded. (*People v. Hovarter* (2008) 44 Cal.4th 983, 996–997.) When differing inferences "can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court[, and] . . . it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion. [Citations.]" (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873–874, italics omitted.) We find no arguable issue as to the jurisdictional order.

*Dispositional Order*

The juvenile court has long enjoyed great discretion in the disposition of juvenile matters. (*In re Greg F.* (2012) 55 Cal.4th 393, 411.) The standard of review of juvenile court commitment decisions is well established. A juvenile court's dispositional order may be reversed on appeal only upon a showing the court abused its discretion. " ' "We must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them." ' [Citation.]" (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1330.) No arguable issue is presented as to the dispositional order.

## DISPOSITION

The July 1, 2013 jurisdictional order and the July 16, 2013 dispositional order of the juvenile court are affirmed.

3

_____
Bruiniers, J.

We concur:


_____
Jones, P. J.


_____
Needham, J.