Filed 10/23/14  In re Paul B. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| In re PAUL B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PAUL B.,<br><br>        Defendant and Appellant. | A142298<br><br>(Solano County<br>Super. Ct. No. J42471) |

Pursuant to a negotiated disposition of a wardship petition, minor Paul B. admitted a misdemeanor violation of Penal Code section 245, subdivision (a)(4),[1] assault by means of force likely to produce great bodily injury.  Following a disposition hearing, the juvenile court adjudged Paul a ward of the court, placed him on formal probation, committed him to 15 days in juvenile hall with credit for 15 days of detention, and released him into the custody of his parents.  Paul appeals from the dispositional order.

Assigned counsel has submitted a *Wende*[2] brief, certifying that counsel has been unable to identify any issues for appellate review.  Counsel also has submitted a declaration confirming that Paul has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  No

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Wende* (1979) 25 Cal.3d 436.

1

supplemental brief has been submitted. As required, we have independently reviewed the record. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

We find no arguable issues and therefore affirm.

## I. BACKGROUND

Since Paul makes no challenge to the jurisdictional finding, we discuss the facts of the underlying offense only as relevant to the court's dispositional order. On April 14, 2014, Paul and two friends approached the victim, A.C., in his school's parking lot. Paul wrapped his arm around A.C.'s neck, squeezing it to the point where A.C. began to lose consciousness. Paul pulled A.C. to the ground and all three perpetrators began to kick and stomp on A.C.'s head and facial area. A.C. suffered a small laceration, redness, and swelling to the top of his head. During the assault, one of the suspects took A.C.'s cell phone from his pants pocket. Paul was arrested the following day at his home.

On April 16, 2014, the Solano County District Attorney filed a juvenile wardship petition pursuant to Welfare and Institutions Code section 602, subdivision (a), alleging that Paul committed a felony second degree robbery (§ 211), a serious and violent felony (§§ 667.5, subd. (c), 1192.7, subd. (c)). The petition also alleged felony assault (§ 245, subd. (a)(4)), a serious felony (§ 1192.7, subd. (c)).

On April 30, 2014, the district attorney orally moved to amend the petition to reduce the violation of section 245, subdivision (a)(4), from a felony to a misdemeanor, and to add a misdemeanor violation of section 487, subdivision (c) (theft). Paul admitted the misdemeanor violation of section 245, subdivision (a)(4). The robbery charge was dismissed outright, and the misdemeanor theft charge was dismissed with a *Harvey*[3] waiver.

At the June 20, 2014 disposition hearing, Paul's counsel challenged the probation officer's recommendation for wardship and formal probation and asked the court to impose an informal probation period of six months. Paul's attorney expressed concerns

---

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

that formal wardship and probation could impact Paul's ability to apply to college, receive financial aid, or join the military.

The probation officer testified that Paul was remorseful about the offense, which appeared to be an isolated incident, and that Paul came from a supportive family and seemed at low risk for future violence or reoffending. Paul's counsel asked to call Paul's mother and aunt to testify as to his lack of violent character or history. The court declined to receive the testimony, stating that it didn't need testimony "to say that he's a good kid," a fact the court found not in dispute. The court found that, despite the "good positive things . . . about him," the nature of the offense and the injuries suffered by the victim indicated that Paul would benefit from the closer level of supervision provided by formal wardship and probation. Paul was declared a ward of the court and placed on formal probation for a period of one year, with standard terms of probation. The maximum term of confinement was set at one year. Paul was committed to juvenile hall for 15 days with credit for 15 days of detention and released to the custody of his parents.

A timely notice of appeal was filed.

## II.    DISCUSSION

Paul's notice of appeal focuses on the court's dispositional order. "[T]he juvenile court has long enjoyed great discretion in the disposition of juvenile matters." (*In re Greg F.* (2012) 55 Cal.4th 393, 411.) "The standard of review of juvenile court commitment decisions is well established. 'The decision of the juvenile court . . . may be reversed on appeal only upon a showing that the court abused its discretion in its commitment of the minor.' " (*In re Jose R.* (1983) 148 Cal.App.3d 55, 59.) " ' "We must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them." ' [Citation.]" (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1330.) No arguable issue is presented as to the dispositional order.

## III.    DISPOSITION

The dispositional order of the juvenile court is affirmed.

3

_____

BRUINIERS, J.

WE CONCUR:


_____

JONES, P. J.


_____

SIMONS, J.