Filed 11/20/24 P. v. J.R. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.R.,<br><br>    Defendant and Appellant. | 2d Crim. No. B330066<br>(Super. Ct. No. EL0082)<br>(Los Angeles County) |

J.R. appeals orders of the juvenile court sustaining the allegations in a Welfare and Institutions Code section 602 petition, declaring him a ward of the court, placing him in the custody of the probation officer, and ordering him suitably placed in an open facility.[1]  We conclude that sufficient evidence supports the finding that J.R. committed felony hit-and-run driving that resulted in injury to another person.  (Veh. Code, § 20001, subds. (a) & (b)(1).)  We also conclude that any error in

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

failing to consider J.R. eligible for deferred entry of judgment (DEJ) is harmless.

## FACTUAL AND PROCEDURAL HISTORY

### Prior Petitions

On May 27, 2022, and December 2, 2022, J.R. admitted allegations in two section 602 petitions. The first petition concerned the receipt of stolen property and the second petition concerned the possession of a handgun. On January 20, 2023, the juvenile court ordered J.R. placed in the Community Detention Program (CDP). It also ordered him to attend substance abuse treatment and submit to drug testing.

### Present Petition Filed February 23, 2023

On November 5, 2022, J.R. drove a vehicle that was involved in a collision. Autumn S. sat in the back passenger seat on the right side. Three other girls were passengers in the vehicle. Autumn S. was injured during the collision and suffered a blunt head force injury. She was hospitalized for five days and now suffers from dizziness and headaches. Autumn S. has no memory of the collision.

### Law Enforcement Response

At approximately 12:44 p.m., Los Angeles County Sheriff's Deputy Cortes and Deputy Vega responded to the accident scene on Chico Avenue in South El Monte. Cortes had received an automated 911 call from J.R.'s cell phone and heard a male voice screaming for help.

When Cortes arrived, she saw a white four-door sedan in the middle of the roadway. No one was inside the sedan. Three females, including Autumn S., were seated by a parking lot. Autumn S. had a laceration on her forehead and the other two

2

females had scrapes and bruises. J.R. and a fourth female were not at the scene of the collision.

Vega found and arrested J.R. at 2400 Chico Avenue, approximately 250 to 300 feet away from the collision. He drove J.R. to the hospital.

Cortes investigated the collision and determined that it was caused by excessive speed. The sedan driven by J.R. hit a sports utility vehicle with substantial force, causing it to jump the curb and strike another vehicle.

*J.R.'s Testimony*

J.R. testified at the adjudication hearing. He stated that he was driving his mother's vehicle when he was involved in the accident. Initially, he was unconscious from the impact, but regained consciousness and realized his passengers were injured. He testified that he left the vehicle and "made sure everybody was okay." J.R. stated that he removed the passengers from the vehicle.

J.R. also testified that he carried one of the passengers (his girlfriend) to a nearby business and asked employees for help. The employees, except for a woman who gave J.R. and his girlfriend water, refused to help. The two sat down until a police officer arrived and took him to the hospital. J.R. stated that he was "feeling dizzy and . . . going in and out of consciousness." He testified that he left the accident scene only to seek immediate help.

*Adjudication and Disposition*

With the consent of the parties, the juvenile court judge viewed the accident scene with the prosecutor and defense counsel. Based upon his view, the judge later stated that the

3

area of the collision was a light industrial area, but a gasoline station was nearby.

Following a contested hearing, the juvenile court sustained the felony allegations of hit-and-run driving that resulted in injury to another person. (Veh. Code, § 20001, subds. (a) & (b)(1).) In ruling, the court commented that it did not think J.R. intended to hurt his passengers, but he panicked after the collision.

On September 12, 2023, the juvenile court held a disposition hearing, declared J.R. a ward of the court pursuant to section 602, and placed him in the custody of the probation officer. The court ordered that J.R. be suitably placed in an open facility for a maximum confinement of three years. J.R. received predisposition credit of 226 days and was ordered to obey the terms and conditions of probation.

J.R. appeals and contends that: 1) insufficient evidence supports the juvenile court's finding that he committed hit-and-run driving, and 2) the court failed to consider his suitability for DEJ.

*DISCUSSION*

*I.*[2]

J.R. argues that he was denied due process of law pursuant to the federal and California constitutions because insufficient evidence supports the juvenile court's finding that he committed felony hit-and-run driving.

Section 20001, subdivision (a) requires the driver of a vehicle involved in an accident resulting in injury or death to stop the vehicle at the scene and fulfill the requirements of section

---

[2] All statutory references in *I., post,* are to the Vehicle Code.

20003. Among other things, section 20003, subdivision (a) requires the driver to render reasonable assistance to any person injured in the accident. The gravamen of the violation of the offense of hit-and-run is not the initial injury of the victim, but leaving the scene without presenting identification or rendering aid. (*People v. Escobar* (1991) 235 Cal.App.3d 1504, 1509.) "The legislative purpose of sections 20001 and 20003 is to prevent the driver of a vehicle involved in an injury-causing accident from leaving injured persons in distress and danger for want of medical care and from attempting to avoid possible civil or criminal liability for the accident by failing to identify oneself. . . ." (*Id.* at p. 1510.)

The same standard of review governs the sufficiency of evidence in adult criminal cases and juvenile cases; we review the entire record and draw all reasonable inferences in favor of the judgment to determine whether substantial evidence supports the conviction. (*In re A.G.* (2020) 58 Cal.App.5th 647, 653.) We do not redetermine the weight of the evidence or issues of witness credibility. (*In re M.S.* (2019) 32 Cal.App.5th 1177, 1185.) Resolution of conflicts and inconsistencies in the evidence is the exclusive province of the trier of fact. (*Ibid.*) "If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)

Here sufficient evidence and all reasonable inferences therefrom support the juvenile court's finding that J.R. committed felony hit-and-run driving. Following the collision, J.R. left with his girlfriend and walked approximately 250 to 300 feet away. J.R. left the other three girls, including seriously

5

injured Autumn S., at the accident scene. Although J.R.'s cell phone automatically called 911 due to the collision, he did not make a further call for assistance. J.R. and his girlfriend ended up sitting behind a parked truck until he was located and arrested. Moreover, J.R.'s duty to render assistance was not satisfied by the happenstance that bystanders or witnesses were present. (*People v. Scheer* (1998) 68 Cal.App.4th 1009, 1028-1029 ["The fortuitous fulfillment of the driver's duty to render reasonable assistance to the injured victim or victims by Good Samaritans cannot operate to exonerate the driver and nullify the fact such duty was breached by the driver"].) Although J.R. offers alternative explanations for his behavior, we do not substitute our reasonable inferences for those drawn by the trier of fact. (*People v. Albillar*, *supra*, 51 Cal.4th 47, 60.)

*II.*

J.R. asserts that the prosecutor did not notify him that he was eligible for DEJ and the juvenile court did not consider his suitability, in violation of his right to due process of law pursuant to the federal and California constitutions. (*In re D.L.* (2012) 206 Cal.App.4th 1240, 1245 [failure to provide minor of a DEJ hearing constitutes a denial of due process].)

At the disposition hearing, the juvenile court discussed J.R.'s prior section 602 petitions and his failed performance on informal probation and CDP. The court also noted that J.R. had 11 positive cannabis tests at his present drug treatment program and failed to complete a prior drug treatment program.

The DEJ provisions of section 790 et seq. provide for a deferred entry of judgment to permit a minor to successfully complete a term of probation. (*In re C.W.* (2012) 208 Cal.App.4th 654, 659-660 [discussion of DEJ procedures, eligibility, and

suitability requirements].)  If a minor denies the allegations of the petition and requests a contested hearing, however, the juvenile court is not required to hold a DEJ suitability hearing. (*In re Kenneth J.* (2008) 158 Cal.App.4th 973, 976-980.)

Here the juvenile court was not required to hold a DEJ suitability hearing because J.R. denied the allegations of the petition and requested a contested hearing.  (*In re Usef S.* (2008) 160 Cal.App.4th 276, 286, fn. 3.)

Moreover, given the juvenile court's statements, any error is harmless pursuant to any standard of review.  The court stated: "The Court does not believe of course at this time, and no one is arguing on behalf of, home on probation.  He has already been tried functionally home on probation under [section] 725 and with C.D.P. and both of those failed. . . .  So home on probation is not viable."  Remanding for consideration of DEJ would be an idle act.  (*In re Jose R.* (1983) 148 Cal.App.3d 55, 61 [failure to expressly find that youth authority would probably benefit minor is error of statutory dimension only and harmless in view of minor's record].)

### DISPOSITION

The orders are affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.            CODY, J.

7

Benjamin R. Campos, Temporary Judge

Superior Court County of Los Angeles

_____

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne, Susan S. Kim and David Glassman, Deputy Attorneys General, for Plaintiff and Respondent.