Filed 1/2/24  P. v. Gomez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>    v.<br><br>CARLOS GOMEZ,<br><br>  Defendant and Appellant. | F086127<br><br>(Super. Ct. No. BF180050A)<br><br>**OPINION** |

---

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  Judith K. Dulcich, Judge.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Kelly E. LeBel, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Hill, P. J., Poochigian, J. and De Santos, J.

## INTRODUCTION

Defendant Carlos Gomez engaged law enforcement in a high-speed vehicle chase during which he fired a shotgun that hit the windshield of a patrol vehicle. A jury convicted defendant of shooting from a vehicle at a police officer with gang and firearm enhancements and related charges. We reversed the true findings as to the gang enhancements after defendant's initial appeal and remanded for resentencing. The trial court resentenced defendant to a term of 24 years and eight months after denying defendant's motion to strike his firearm enhancements.

Defendant argues that the trial court failed to find that a dismissal or reduction in punishment for the firearm enhancement would endanger public safety, in violation of Penal Code section 1385, subdivision (c)(2).[1] The People respond that defendant forfeited this argument by failing to object in the trial court and that the trial court implicitly made the finding in rejecting defendant's motion to reduce the punishment for his enhancement.

We reject defendant's arguments, although we conclude that (1) the section 12022.53, subdivision (c) enhancement cannot be imposed on defendant's section 246 conviction in light of the court's dismissal of the gang enhancements, (2) the trial court erred by not imposing court operations and criminal conviction assessments, and (3) the abstract of judgment must be corrected as the trial court did not orally impose restitution or parole revocation restitution fines. We otherwise affirm the judgment.

## FACTS[2]

On November 7, 2017, at approximately 11:15 p.m., Deputy Richard Santos of the Kern County Sheriff's Office attempted to stop the vehicle in which defendant was

---

[1] Undesignated statutory references are to the Penal Code.

[2] We have summarized the facts from our opinion in defendant's prior appeal (*People v. Gomez* (Nov. 21, 2022, F082873) [nonpub. opn.]) in light of the issue raised in this appeal.

driving. Defendant failed to stop and led the deputy on a high-speed chase for five or six miles, during which defendant fired his shotgun and struck the patrol car's windshield. Defendant continued his flight from the deputy through a residential neighborhood and eventually jumped from the moving vehicle as he abandoned it in an alley. Deputy Santos chased defendant and apprehended him in defendant's own backyard. Defendant had a shotgun shell in his pocket, and deputies recovered shotgun shells from defendant's vehicle and a shotgun with defendant's fingerprints in the middle of the roadway.

## PROCEDURAL BACKGROUND

The District Attorney of Kern County filed an information on March 3, 2020, charging defendant with premeditated and deliberate attempted murder of a peace officer (§§ 187, subd. (a), 664; count 1), shooting at an occupied vehicle (§ 246; count 2), assault with a firearm on a peace officer (§ 245, subd. (d)(1); count 3), felon in possession of a shotgun (§ 29800, subd. (a)(1); count 4), and evading a peace officer (Veh. Code, § 2800.2; count 5). The information also alleged that defendant personally discharged a firearm (§ 12022.53, subd. (c)) as to counts 1 through 3 and acted to benefit a criminal street gang (§ 186.22, subd. (b)(1)) as to counts 1 through 4.

After a 15-day trial, the jury convicted defendant on April 16, 2021, of shooting at an occupied vehicle, assault with a firearm on a peace officer, felon in possession of a shotgun, and evading a peace officer as charged in counts 2 through 5. The jury also found true enhancements that the crimes were committed for the benefit of a criminal street gang (counts 2–4) and that defendant personally and intentionally discharged a firearm (counts 2, 3). The jury acquitted defendant of premeditated and deliberate attempted murder of a peace officer.

On June 4, 2021, the trial court denied defendant's motion to strike the gang and firearm enhancements and sentenced defendant to a total term of 30 years to life in prison. After defendant appealed, we concluded that the evidence was insufficient to

3.

support the true findings that counts 2 through 4 were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), vacated defendant's sentence, and remanded for resentencing. (*People v. Gomez*, *supra*, F082873.)

The Probation Department provided the court a supplemental report containing a revised evaluation and recommendation for resentencing to supplement defendant's original probation report. The supplemental report noted two circumstances in mitigation: (1) defendant was under 26 years old at the time of the offense; and (2) application of an enhancement could result in a sentence over 20 years. The supplemental report also noted four circumstances in aggravation and that they had not been pled or proven: (1) defendant's prior sustained juvenile petitions[3] and adult convictions were numerous;[4] (2) defendant was on postrelease community supervision when the crime was committed; (3) defendant's prior performance on probation and parole was unsatisfactory; and (4) defendant served two prior prison terms. The supplemental report also noted that defendant had not sustained any new criminal convictions since the original sentencing.

The probation officer recommended defendant be sentenced to the low term of four years as to count 3, enhanced by 20 years pursuant to section 12022.53, subdivision (c); a stayed term of three years as to count 2, enhanced by 20 years pursuant

---

[3]   The probation report noted four such petitions between February 2008 and September 2009.

[4]   Defendant was convicted of misdemeanor under the influence in a public place (§ 647, subd. (f)) in 2011; misdemeanor burglary (§ 460, subd. (b)) in 2012; misdemeanor obstruction of a police officer (§ 148, subd. (a)(1)) in 2013; felony assault by means likely to result in great bodily injury (§ 245, subd. (a)(4)) in 2014, for which he was sentenced to two years in prison and violated his release several times; misdemeanor driving under the influence (Veh. Code, § 23103.5) in 2015; misdemeanor driving without a valid driver's license (Veh. Code, § 12500, subd. (a)) in 2015; and felon in possession of a firearm (§ 29800, subd. (a)(1)) in 2017, for which he was sentenced to a 16-month term in prison.

to section 12022.53, subdivision (c); a stayed 16-month term as to count 4; and a consecutive eight-month term (one-third the midterm of two years) as to count 5.

Defendant filed a motion to strike the section 12022.53, subdivision (c) enhancements for personally discharging a firearm on March 21, 2023. The motion described the trial court's discretion to strike the punishment for the enhancements (see §§ 1385, subd. (c), 12022.53, subd. (h)) and to impose the sentence for a lesser enhancement (see *People v. Tirado* (2022) 12 Cal.5th 688, 697). Defendant argued that section 1385, subdivision (c)(2) required the trial court to afford great weight to the facts that application of the enhancements would result in a sentence over 20 years and that the current offense was connected to prior victimization or childhood trauma. (See § 1385, subd. (c)(2)(C) & (E).)

Defendant further argued in his motion to strike that the presence of these factors weighed greatly in favor of dismissing the enhancements unless the court found that dismissals would endanger public safety. Defendant requested that the court sentence defendant to 10-year firearm enhancements pursuant to section 12022.53, subdivision (b) because defendant was only 24 years old at the time of the offenses, his crime resulted from a moment of panic, no one was seriously injured, defendant had been jumped into the gang with he was 13 years old, and defendant was sexually abused.

On March 27, 2023, defendant appeared before the trial court for resentencing. The trial court indicated that it had reviewed the probation officer's supplemental report and defendant's sentencing statement and motion to strike. Defense counsel agreed with the probation report that "this is a low-term case under the current state of the law" but requested that the trial court strike the 20-year term of imprisonment for the firearm enhancements and impose 10-year terms pursuant to section 12022.53, subdivision (b). Defense counsel argued that defendant was under 26 years old at the time of the offense, no one was seriously injured, defendant committed the offense in a moment of panic,

defendant had been jumped into the gang at the age of 13, and defendant had been physically, emotionally, and sexually abused by his mother's ex-boyfriend.

The trial court agreed with the factors in mitigation noted by probation's supplemental report and stated that these factors were relevant in light of changes to sentencing law since defendant's original sentence. The trial court noted the factors in aggravation (numerous prior convictions, on supervision at the time of offenses, prior unsatisfactory performance while on supervision, & two prior prison terms) and that, while they could not be used to support an upper term sentence, the factors could be used in selecting between the low and midterm sentences. The trial court stated that it would give great weight to the factors in mitigation and selected the low terms as to counts 2 through 4 and the midterm as to count 5. The trial court recognized that it had the discretion to strike or substitute the firearm enhancements but stated it was not appropriate because "[t]he testimony was shocking that this officer was being shot at as he was pursuing the defendant" in the "performance of his duties, clearly a law enforcement officer, lights and sirens, and being shot at. So I do think the full term for the [section] 12022.53[, subdivision] (c) [enhancements] is appropriate."

The trial court sentenced defendant to a total term of 24 years and eight months in prison as follows: as to count 3 (§ 245, subd. (d)(1)), the low term of four years, plus 20 years (§ 12022.53, subd. (c)); as to count 2 (§ 246), a concurrent term of 3 years, plus 20 years (§ 12022.53, subd. (c)), stayed (§ 654); as to count 4 (§ 29800, subd. (a)(1)), a concurrent term of one year and four months, stayed (§ 654); and as to count 5 (Veh. Code, § 2800.2), a consecutive eight-month term. The court ordered defendant to pay victim restitution pursuant to section 1202.4, subdivision (f)(2). The court did not order any additional fines or assessments, even though the supplemental probation report recommended the same restitution fine (§ 1202.4, subd. (b)), parole revocation restitution

6.

fine (§ 1202.45), court operations assessment (§ 1465.8), and criminal conviction assessment (Gov. Code, § 70373) as imposed at the first sentencing.[5]

Defendant filed this timely appeal on April 13, 2023.

## DISCUSSION

I. **The trial court did not abuse its discretion in failing to strike or dismiss defendant's section 12022.53, subdivision (c) firearm enhancement or its punishment.**[6]

### A. Applicable Law and Standard of Review

Through Senate Bill No. 81 (2021–2022 Reg. Sess.), and as of January 1, 2022, California law provides that a trial court "shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).) In exercising its discretion under section 1385, subdivision (c)(1), a trial court "shall consider and afford great weight to evidence offered by the defendant" to prove one of nine enumerated mitigating circumstances. (*Id.*, subd. (c)(2).) "Proof of the presence of one or more of these [mitigating] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Ibid.*) The term "endanger public safety" is statutorily defined as "a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (*Ibid.*)

"We review the trial court's exercise of discretion at sentencing for abuse." (*People v. Shenouda* (2015) 240 Cal.App.4th 358, 368; see *People v. Carmony* (2004) 33 Cal.4th 367, 375.) "In reviewing for abuse of discretion, we are guided by two

---

[5]   We address this aspect of defendant's sentence below even though it was not raised by either party.

[6]   We address only the trial court's decision to impose the firearm enhancement as to count 3 because, as we discuss below, section 12022.53 was not applicable to defendant's conviction of shooting from a vehicle once the gang enhancement was dismissed.

7.

fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citation.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at pp. 376–377, third & fourth bracketed insertions added.)

"Absent evidence to the contrary, [appellate courts] presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042; see *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 (*Stowell*); *People v. Martinez* (2017) 10 Cal.App.5th 686, 728.) Moreover, appellate courts "presume that a judgment or order of the trial court is correct," and " ' "[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' " (*People v. Giordano* (2007) 42 Cal.4th 644, 666; see *Martinez*, at p. 728.) "Thus, where a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order." (*Stowell*, at p. 1114; see *In re Julian R.* (2009) 47 Cal.4th 487, 499.)

**B.     Analysis**

> ### 1.     *Defendant forfeited his argument that the trial court failed to make an explicit finding that dismissing, striking, or substituting a firearm enhancement would endanger public safety.*

" 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the

party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons …." ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406.)

Because the changes effected by Senate Bill No. 81 (2021–2022 Reg. Sess.) were in effect prior to the plea and sentencing, we emphasize the "[s]trong policy reasons support[ing] this rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. [Citations.]' [Citation.] ' " ' "The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal." ' " ' " (*Stowell*, *supra*, 31 Cal.4th at p. 1114, third bracketed insertion in original; accord, *People v. Salazar* (2016) 63 Cal.4th 214, 239–240; *People v. French* (2008) 43 Cal.4th 36, 46.)

Defendant argues that because he requested discretionary relief under section 1385, the trial court was required to follow the analysis set forth in section 1385, subdivision (c) and defendant did not need to further object when the court failed to do so. However, this is exactly the scenario addressed in *People v. Scott*, *supra*, 61 Cal.4th at page 406. Our Supreme Court held that even though the trial court was required to identify the criteria for imposing consecutive sentencing pursuant to section 667.6, subdivision (c) (see *People v. Belmontes* (1983) 34 Cal.3d 335, 348 ["the record [should] reflect recognition on the part of the trial court that it is making a separate and additional choice in sentencing under section 667.6, subdivision (c)"]), the defendant forfeited his claim that the trial court failed to do so by failing to object. (*Scott*, at p. 406.) Defendant's argument relies upon *In re Luis B.* (2006) 142 Cal.App.4th 1117, however,

9.

that case is inapposite.  In that case, the procedures in place for determining whether a juvenile would benefit from the deferred entry of judgment program had not been followed, and the trial court could not exercise its discretion to determine whether to grant deferred entry of judgment.  (*Ibid*.)  Here, however, the trial court was exercising its discretion, but defendant is challenging the manner in which it was exercised without having made the objection in the trial court.

Therefore, defendant forfeited his claim that the trial court failed to make or adequately articulate a finding that granting defendant's request would endanger public safety.

### 2. *Defendant has failed to show that the trial court abused its discretion in failing to dismiss, strike, or reduce the punishment for his firearm enhancement.*

Defendant argues that the trial court was required to reduce his section 12022.53, subdivision (c) firearm enhancement to 10 years because it did not explicitly find that doing so would endanger public safety.  Essentially, defendant argues that we should presume the trial court found that granting defendant's request would not endanger public safety because it never made an express finding.

In this case, defendant was sentenced more than a year after section 1385, subdivision (c) was amended to set forth guiding principles for a trial court exercising its discretion to dismiss, strike, or impose a lesser punishment for a section 12022.53 enhancement.  The supplemental probation report listed the mitigating factors applicable to defendant's enhancement pursuant to section 1385, subdivision (c), and defendant's motion set forth the provisions of section 1385, subdivision (c), including the trial court's obligation to give great weight to the defendant's age and that imposition of the enhancement could result in a sentence greater than 20 years unless the court found that dismissing or reducing the enhancement would endanger public safety.  The trial court stated that it had reviewed the supplemental probation report and read defendant's motion

10.

prior to defense counsel's sentencing comments. Defense counsel argued that the mitigating factors warranted the striking of the 20-year firearm enhancement and imposition of a 10-year enhancement. The trial court acknowledged the presence of the section 1385, subdivision (c) factors, and the factors in aggravation, but stated that dismissal or reduction of the firearm enhancement was not appropriate because of the shocking testimony that defendant had fired upon a law enforcement officer performing his duties while pursing defendant. The trial court referenced defendant's criminal history (including his numerous adult and juvenile offenses), the fact he was on postrelease community supervision at the time of the offense, his two prior prison terms, and unsatisfactory performance under supervision; and the court characterized his conduct in firing upon a police officer during the chase as "shocking," indicating that it found that dismissing or reducing the firearm enhancement would endanger public safety.

We will not presume the trial court was required to expressly state dismissing or striking the enhancement, or imposing a lesser punishment, would endanger the community. Section 1385, subdivision (c) contains no express requirement that a trial court articulate any findings or rulings, be it the striking of, or the refusal to strike, an enhancement. (§ 1385, subd. (c); cf. § 1385, subd. (a) & *In re Large* (2007) 41 Cal.4th 538, 550 [noting the express findings requirement of § 1385, subd. (a) if a prior strike conviction is dismissed].) Therefore, in the face of this record, and in the absence of an affirmative duty to make express findings, we presume that the court knew about section 1385, subdivision (c), had an adequate basis for any section 1385, subdivision (c) findings, and that the findings were correct. (See *In re Julian R.*, *supra*, 47 Cal.4th at pp. 498–499; *People v. Giordano*, *supra*, 42 Cal.4th at p. 666; *Stowell*, *supra*, 31 Cal.4th at p. 1114; *Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564; *People v. Martinez*, *supra*, 10 Cal.App.5th at p. 728.)

Defendant argues that even if this record sufficiently reflected the court's finding that dismissing or reducing the enhancement would endanger public safety, the trial court

could not rely upon facts inherent in the crimes of conviction for this finding. Defendant is incorrect.

"In determining whether to dismiss a firearm enhancement under section … 12022.53, a court considers the same factors considered ' "when handing down a sentence in the first instance." ' (*People v. Flores* [(2021)] 63 Cal.App.5th [368,] 377; see *People v. Yanaga* (2020) 58 Cal.App.5th 619, 626–627; *People v. Pearson* [(2019)] 38 Cal.App.5th [112,] 117.) These factors include those listed in California Rules of Court, rule 4.410 (general objectives in sentencing), rules 4.421 and 4.423 (circumstances in aggravation and mitigation), and rule 4.428(b) (discretion in striking an enhancement and punishment for an enhancement under § 1385). These rules refer to circumstances specific to the crime and the defendant's criminal history, as well as to broader societal objectives, such as '[d]eterring others from criminal conduct by demonstrating its consequences' and '[i]ncreasing public safety by reducing recidivism through community-based corrections programs and evidence-based practices.' (Cal. Rules of Court, rule 4.410(a)(4), (8).) The rules state the trial court 'should be guided by statutory statements of policy, the criteria in [the Rules of Court], and any other facts and circumstances relevant to the case.' (*Id*., rule 4.410(b).)" (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 497, fifth, sixth, & seventh bracketed insertions in original.)

Additionally, determining whether dismissing, striking, or reducing punishment for an enhancement endangers public safety necessarily requires consideration of the nature and circumstances of the offense, defendant's criminal history, and individual characteristics of the defendant. In support of his contrary argument, defendant relies upon *People v. Bloom* (1983) 142 Cal.App.3d 310 and *People v. McNiece* (1986) 181 Cal.App.3d 1048, overruled on other grounds in *People v. McFarland* (1989) 47 Cal.3d 798, 805, two cases which address the definition of an aggravating circumstance. However, that section 1385 permits a court to dismiss or strike an enhancement "in furtherance of justice" (§ 1385, subd. (a); see § 1385, subd. (c)) does

not transform the enhancement into a sentence that requires the court to weigh aggravating and mitigating circumstances before it may be imposed. The question before a trial court when presented with a request to dismiss or strike an enhancement is whether to lessen the defendant's sentence, rather than lengthen it and, therefore, is not limited by *Bloom* or *McNiece* whose rulings are based upon specific statutes and court rules that prohibit use of facts inherent in the offense to aggravate defendant's punishment.

Defendant also contends that the trial court failed to consider his age and future circumstances at the time of his potential release on parole, focusing only on his immediate risk of danger to the community. (See, e.g., *People v. Williams* (2018) 19 Cal.App.5th 1057, 1063 ["A defendant who would obtain immediate release … poses a different potential danger to society than a defendant who could be released only in his or her 70's."].) Here, however, the record does not affirmatively demonstrate that the trial court failed to consider defendant's risk of danger to the community at the time of his potential release on parole, if one or both of his enhancements were stricken and defendant would be eligible for release while still in the prime of his life. In the absence of evidence to the contrary, we presume that the trial court considered this factor. (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637 [" '[t]he trial court is not required to state reasons for declining to exercise its discretion under section 1385' [citations], and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary' "].)

We conclude that defendant has failed to show error with respect to section 1385, subdivision (c).

**II.    The trial court erred in imposing a 20-year term for the firearm enhancement as to count 2, shooting at an occupied vehicle, pursuant to section 12022.53, subdivision (c) because that section was no longer applicable after we struck the gang enhancement.**

Defendant was sentenced to a stayed term of three years for shooting at an occupied vehicle (§ 246; count 2), enhanced by 20 years pursuant to section 12022.53,

13.

subdivision (c).  We asked the parties for supplemental briefing as to whether count 2's firearm enhancement pursuant to section 12022.53, subdivision (c) should be dismissed in light of the dismissal of the gang enhancement.  The parties agree, as do we, that the enhancement should be dismissed.

Section 12022.53, subdivision (c) provides:  "Notwithstanding any other law, a person who, in the commission of a felony specified in [section 12022.53,] subdivision (a), personally and intentionally discharges a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 20 years."  Section 12022.53, subdivision (a) does not include the offense of shooting at an occupied vehicle in violation of section 246.[7]  However, among the felonies listed in section 12022.53, subdivision (a) is "[a]ny felony punishable by death or imprisonment in the state prison for life."  (§ 12022.53, subd. (a)(17).)  Where defendant is convicted of shooting at an occupied vehicle (§ 246) with a true finding that the crime was committed to benefit a criminal street gang (§186.22, subd. (b)(1)), the offense is subject to the alternate penalty provision of a life term in prison.  (§ 186.22, subd. (b)(4).)[8]

"As noted earlier, defendant was convicted of shooting at an [occupied vehicle]. (§ 246.)  By itself, that felony carries a maximum sentence of seven years in prison.  But when, as here, the crime is committed to benefit a criminal street gang, the punishment is

---

[7]    Assault with a firearm on a peace officer (§ 245, subd. (d)(1)) is specifically listed in section 12022.53, subdivision (a) and unaffected by reversal of the gang enhancement.

[8]    Section 186.22, subdivision (b)(4) provides in relevant part:  "A person who is convicted of a felony enumerated in this paragraph committed for the benefit of, at the direction of, or in association with a criminal street gang, … shall, upon conviction of that felony, be sentenced to an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of:

"(A) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement … , if the felony is any of the offenses enumerated in subparagraph (B) or (C) of this paragraph.

"(B) Imprisonment in the state prison for 15 years, if the felony is … a felony violation of Section 246 .…"

14.

life imprisonment, with a minimum parole eligibility of 15 years.
(§ 186.22[, subd., ](b)(4).) And when, as here, a defendant personally and intentionally discharges a firearm in the commission of '[a]ny felony punishable by … imprisonment in the state prison for life' (§ 12022.53, subd. (a)(17)), section 12022.53[, subdivision ](c) requires imposition of an additional 20-year prison term." (*People v. Jones* (2009) 47 Cal.4th 566, 572, third bracketed insertion in original.) But when we reversed the true findings on the gang enhancements, defendant was no longer subject to the life term of imprisonment pursuant to section 186.22, subdivision (b)(4), nor the firearm enhancement pursuant to section 12022.53, subdivisions (b), (c), or (d). (See *People v. Tirado*, *supra*, 12 Cal.5th at p. 700, fn. 12 [recognizing that § 12022.53, subd. (c) is not ordinarily applicable to a violation of § 246 because § 246 is not listed in § 12022.53, subd. (a)].)[9]

Therefore, we reverse the true finding pursuant to section 12022.53, subdivision (c) as to count 2, shooting at an occupied vehicle (§ 246). We would typically reverse and remand for resentencing. (See *People v. Rodriguez* (2009) 47 Cal.4th 501, 509.) In *Rodriguez*, however, the trial court had imposed the midterm for the three underlying felonies. (*Id*. at p. 506.) Resentencing, therefore, provided the court

---

[9]     In defendant's first appeal, he asked that we reverse the gang enhancements for insufficient evidence. (*People v. Gomez*, *supra*, F082873.) Defendant argued that, in addition to the reversal of gang enhancements, we should reverse the firearm enhancements as to counts 2 and 3, imposed under section 12022.53, subdivision (c), relying on *People v. Lopez* (2021) 73 Cal.App.5th 327 (vacating a § 12022.53, subd. (e) firearm enhancement because also vacated gang enhancement). Section 12022.53, subdivision (e) provides for additional punishment even if defendant did not personally use or discharge a weapon, but another principal did, and the offense was committed to benefit a criminal street gang (§ 186.22, subd. (b)(1)). In the instant case, defendant acted alone, personally used and discharged the weapon, and was charged pursuant to section 12022.53, subdivision (c), which had no obvious relationship to the gang enhancement. Therefore, we found defendant's argument and *Lopez* to be inapplicable to defendant's case. (*Gomez*, at pp. 16–17.) Defendant did not argue that section 12022.53, subdivision (c) was not applicable because it was not listed in section 12022.53, subdivision (a) and section 246 was no longer punishable by life imprisonment after the gang finding was stricken.

with "the opportunity … to restructure its sentence by imposing the *upper* terms for the base felonies, if it was inclined to compensate for the loss of one of the enhancements." (*People v. Le* (2015) 61 Cal.4th 416, 428.) In this case, however, the trial court sentenced defendant to the low terms for counts 2 through 4 and one-third the midterm for count 5. In addition, having stayed the sentence for count 2 pursuant to section 654, the total term of defendant's sentence is unaffected by our vacating the enhancement. As there are no sentencing choices to restructure, it is appropriate for us to modify the sentence on appeal. (§ 1260 [appellate court's power to modify judgments]; *People v. Rogers* (2009) 46 Cal.4th 1136, 1174.) Therefore, we order the firearm enhancement on count 2 dismissed.

## III.   Fines.

The court did not impose court operations (§ 1465.8) or criminal conviction (Gov. Code, § 70373) assessments, although they had been recommended in the supplemental probation report and imposed at the first sentencing. The People did not object to the omission of these fees in the trial court. However, traditional forfeiture rules do not apply when omitted fines, fees, or penalty assessments are mandatory, rather than the product of a discretionary sentencing choice. (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157 [appellate courts may correct omission of mandatory penalties even if not objected to at sentencing]; *People v. Smith* (2001) 24 Cal.4th 849, 852 ["obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings are not waivable"].) In accordance with these authorities, we modify the judgment to incorporate the following fees: $160 in court operations assessments (§ 1465.8) and $120 in criminal conviction assessments (Gov. Code, § 70373). Because these mandatory fines were included in the sentencing minutes and abstract of judgment, no further correction is needed.

16.

The trial court failed to impose a restitution fine (§ 1202.4, subd. (b)) or matching parole revocation restitution fine (§ 1202.45) during the oral pronouncement.[10] However, the sentencing minutes and abstract of judgment include a $300 restitution fine and $300 parole revocation restitution fine though these fines were not part of the trial court's oral pronouncement. When a discrepancy exists between a trial court's oral pronouncement of judgment, minute order, and abstract of judgment, the oral pronouncement controls and we may correct error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate court may correct abstract of judgments that do not accurately reflect the oral pronouncements of sentencing courts].) We shall order the clerk of court to amend the minutes and abstract of judgment to reflect the trial court's oral pronouncement and its failure to impose a restitution or parole revocation restitution fine.

## DISPOSITION

The trial court shall amend the abstract of judgment to reflect that the firearm enhancement pursuant to section 12022.53, subdivision (c) on count 2 is dismissed. The judgment is modified to order defendant to pay $160 in court operations assessments (§ 1465.8) and $120 in criminal conviction assessments (Gov. Code, § 70373). The trial court shall also amend the sentencing minutes and abstract of judgment to delete the $300 restitution fine (§ 1202.4, subd. (b)) and $300 parole revocation restitution fine (§ 1202.45) and forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

The judgment is affirmed as modified.

---

[10]    Although the restitution fine is mandatory when a person is convicted of a crime, a trial court may decline to impose the restitution fine if it "finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).) Therefore, the Supreme Court has characterized the imposition of a restitution fine as a "discretionary sentencing choice" subject to traditional forfeiture rules. (*People v. Tillman* (2000) 22 Cal.4th 300, 303.) Because no objection was made to the failure to impose these fines, the issue is not before us.